Parrott *vs.* Wilson.

M. M. PARROTT, executrix, plaintiff in error, *vs.* Z. F. WIL-
SON, defendant in error.

51    255
d129  245

1. Where a defendant in a criminal case gave a promissory note to the
solicitor general for the fine imposed on him, and was afterwards par-
·doned by the governor and the fine remitted, and the same was unap-
propriated in the manner prescribed by law, such pardon and remis-
sion of the fine discharged the defendant from the payment of the
note, even if it had been sued and judgment obtained upon it before
the fine was remitted.

2. The testimony of the sheriff, which was objected to, was admissible
for the purpose of showing that the note on which the judgment was
rendered was the one taken for the fine·; and we cannot say that the
judge, to whom the whole question was submitted, was not authorized
to hold that the identity was proven.

Criminal law.   Fine.   Pardon.   Promissory notes.   Judg-
ment.   Before Judge UNDERWOOD.   Gordon Superior Court.
August Term, 1873.

An execution in favor of Josiah R. Parrott against Z. T.
Wilson, based on a judgment rendered in Gordon superior
court on April 8th, 1867, for $262 55, principal, with in-
terest and costs, was levied on certain land as the property of
the defendant.   An affidavit of illegality was interposed on
the ground that the execution had been "paid and settled in
full."   The issue thus formed was submitted to the court with-
out the intervention of a jury.   The following facts appeared:

At the April term, 1866, of Gordon superior court, the de-
fendant was convicted of the offense of adultery and fornica-
tion, and sentenced to pay a fine of $250 00 and the costs.
By consent of the court he was allowed to give a note to the
solicitor general, Josiah R. Parrott, in settlement of the pen-
alty.·   The evidence points to this note as being the basis of
the aforesaid judgment.   This fine had never been disbursed
by order of court.   On August 1st, 1867, the defendant was
pardoned by the governor and the fine remitted.

Upon the trial the sheriff of the county, at the time the
defendant was convicted, was introduced to show the consent
of the court to the aforesaid settlement, and to prove facts

tending to establish the identity of the note then given with that upon which the aforesaid judgment was rendered.

This evidence was objected to by the plaintiff. The court nevertheless admitted it, and the plaintiff excepted.

The court sustained the illegality, and plaintiff excepted.

Josiah R. Parrott having died pending the litigation, his executrix, M. M. Parrott, was made a party in his stead.

Error is assigned upon each of the aforesaid grounds of exception.

W. H. DABNEY, for plaintiff in error.

J. A. W. JOHNSON ; R. J. McCAMY, for defendant.

TRIPPE, Judge.

1. It was held in 1 *Kelly*, 606, *in the matter of J. J. R. Flournoy, attorney general,* that so far as the public is interested in a fine imposed, the executive remission has the effect to restore it to the individual fined, although it had been paid over to the attorney or solicitor general, and by him to the county treasurer, before the executive pardon was granted ; and that a fine thus remitted being in the hands of the attorney general or other officer of court, unappropriated in the manner prescribed by law, will be refunded under an order of court, by rule against such officer. We think that decision governs this case. It is true the ex-sheriff states that there were some insolvent costs due him when the fine was imposed and the note given. But he does not state how much, or that any order was granted appropriating the money to be raised from this fine to the payment of such costs, or for any other purpose. If the mere fact that a county owed insolvent costs would prevent an executive pardon from having effect after the money was in the hands of the solicitor general, or a note given therefor, there could hardly be a case in which a pardon granted after either of those acts had happened, would be of any avail, at least towards the remission of the fine. Had the money been collected and appropriated as the law directs, the

question would be different—vested rights would have intervened; so if one-half or other portion of the fine was by law to go to an informer : 2 Bay, 565 ; 1 Nott & McCord, 26. But, as remarked in the case from 1 *Kelly,* " the money raised by the sentence, or rather its equivalent, the promissory note received by the attorney general in lieu of the money, had never passed from his hands. He is an officer of the court. The fund was therefore within reach of the court. It could lay its hands upon it and return it to the defendant. It had in this summary way the right to determine the questions made by the record." That was a case upon a rule against the attorney general to return the note, or rather to credit it, as two defendants had been fined, a joint note given, and one of them had been pardoned. Here the question arises on an illegality to an execution sued out by the solicitor general on the note before the pardon issued. In both cases the matter was equally within the power of the court.

2. The testimony of the sheriff, which was objected to, was competent for the purpose of proving that the note on which the judgment was founded was the note taken for the fine. We cannot say that the judge, to whom the whole question was submitted, was not authorized from the evidence to decide that the identity was sufficiently proven. It was a matter of fact to be determined by a jury, and the judge was substituted for the jury.

Judgment affirmed.