| 09 | 463 |
| 134 | 619 |

## BAILEY v. THE TOWN OF PAULLINA.

1. **Cities and Towns:** RECOVERY OF FINE PAID UNDER VOID ORDINANCE. One who is arrested for the violation of a void ordinance, pleads not guilty, but makes no objection to the ordinance, is found guilty and is fined, and pays the fine, while under arrest, without protest, believing that the judgment against him therefor is valid, does not pay under duress, and he cannot recover back the money so paid. (Compare *Kraft v. City of Keokuk*, 14 Iowa, 86; *Espy v. Town of Fort Madison*, Id., 226.)

*Appeal from O'Brien Circuit Court.*

SATURDAY, OCTOBER 9.

ACTION to recover the amount of a fine and costs imposed by the mayor of defendant, under an invalid ordinance, upon plaintiff's assignor, the fine and costs having been paid by the assignor. The action was brought before a justice of the peace, where a demurrer to plaintiff's petition was overruled. Upon a writ of error the circuit court decided differently. Plaintiff appeals.

*P. R. Bailey*, for appellant.

*H. H. Crow*, for appellee.

BECK, J.—I. The amount in controversy being less than $100, the cause was sent here upon the certificate of the judge of the circuit court, stating the question for our decision in the following language: "P., an incorporated town, passed an ordinance prohibiting the sale of all kinds of intoxicating liquors, including whisky, which ordinance was void. S. was arrested for violating said ordinance by the sale of whisky; and, when arraigned before the mayor of said town, pleaded not guilty to the charge of violating said ordinance, but did not plead or raise the question that the ordinance under which he was arrested was invalid. He

was tried before the mayor under the plea of not guilty, but was found guilty under the evidence, and fined in the sum of sixty dollars, and costs, taxed at ———— dollars, which fine and costs S. paid without any protest. Can S., or his legal assignee, recover said fine and costs, so paid, back in an action against said town, the payment of the same having been made while he was thus under arrest?"

II.    The facts appearing in the question are these: (1) The plaintiff's assignee was convicted and fined upon a void ordinance.    (2) Upon his trial he did not raise any objection based upon the invalidity of the ordinance.    (3) He paid the fine and costs without protest.    (4) The payment was made while he was under arrest.    It is shown that the payment was made "without protest;" which, as we understand the language, means that it was made by plaintiff's assignor without objection, or the denial of the justice of the claim, or assertion of his own rights.    A payment so made is regarded as voluntary; and, in the absence of fraud, deceit, duress, or mistake of fact, the money cannot be recovered back.    *Kraft v. City of Keokuk*, 14 Iowa, 86; *Espy v. Town of Fort Madison*, Id., 226.

III.    It is not claimed that the defendant in the judgment was induced to make the payment through fraud, deceit, or mistake of fact.    It is, however, insisted that he was under duress when he made the payment, by reason of the fact that he was then under arrest.    But it is not shown by the statement of the facts found in the question, as certified to us, that the arrest had anything to do with the payment, or that the defendant was constrained or influenced thereby to make it.    It is not shown that, because of the duress by the arrest, the defendant made the payment, nor can such a thing be inferred.    We may readily presume that the defendant paid the fine and costs because he believed the judgment against him was valid, and this we are required to presume, in the absence of any showing of objection, or that the payment was made under protest.

In our opinion, the circuit court rightly held, upon the facts presented to us, that plaintiff cannot recover.

AFFIRMED.