## McDONALD *v.* SOWELL, sheriff.

A fine paid by one who was convicted under an indictment which was void, for the reason that it charged no offense against the laws of the State, can not be recovered by rule against the sheriff who collected the same.

Argued June 24,—Decided August 12, 1907.

Rule. Before Judge Reagan. Henry superior court. October 18, 1906.

McDonald filed a petition against Sowell, as sheriff, alleging, that the petitioner was tried on an indictment charging him with a misdemeanor; that the indictment contained two counts; that in one count he was charged with selling liquor without a license, and in the other with taking orders for the sale of liquor. in territory where the sale of liquor was prohibited by law; that at the trial the jury rendered a verdict of guilty on the second count, and petitioner was sentenced to pay a fine of $200; that he paid this sum to the sheriff, "against his will and only because he was compelled to do so" under the sentence of the court; and that the court had no jurisdiction to try the petitioner,. for the reason that the acts charged in the second count constituted no offense under the laws of this State. The petition then set forth various reasons why certain laws regulating the sale of. liquor in the county where the indictment was found, and certain ordinances of the town in which the order was taken, were invalid, as being in contravention of a named paragraph of the constitution of this State. The prayer was for a rule against the sheriff, requiring him to show cause why he should not pay to petitioner the sum paid by him as a fine. Upon this petition the judge granted a rule nisi. Amendments to the petition were filed, alleging that the sheriff collected the fine as an officer of the court, and that no question was raised at the trial as to the constitutionality of the acts and ordinances referred to in the petition. By demurrer it was set up that the sheriff was not subject to rule under the circumstances set out in the petition, and that the petition set forth no cause of action. The demurrer was sustained, and the petitioner excepted.

*George W. Bryan,* for plaintiff.

*O. H. B. Bloodworth* and *W. P. Bloodworth,* for defendant.

COBB, P. J. (After stating the facts.) If the acts charged in an indictment constitute no offense under the laws of the State, the judgment may be arrested upon a motion made during the term at which the verdict was rendered, or the prisoner may be discharged upon a writ of habeas corpus, provided no question as to the validity of the indictment was adjudicated at the trial. *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235), and cit. The verdict and judgment in such a case is an absolute nullity. If, under such a judgment, a person is imprisoned, the imprisonment

is unlawful, and he is entitled to a discharge, which will be granted by an appeal to any court having authority to issue the writ of habeas corpus. The person who holds him in custody is a wrong-doer. Good faith on the part of the officer may protect him from an action or an indictment for false imprisonment. Civil Code, § 3852; *Blocker* v. *Clark,* 126 *Ga.* 489 (54 S. E. 1022, 7 L. R. A. (N. S.) 268). But his act is none the less wrongful; and when the officer is called in question in reference thereto, he must show circumstances which would indicate good faith on his part. If the sentence of the court is such as to require the payment of a fine, and the indictment upon which the sentence is based is void, the sentence confers no authority upon the officer to demand the payment of the fine. If he collects the fine, he does not do so as an officer of the court. He is as much a wrong-doer in collecting the fine as he would be in imprisoning a person convicted, if the sentence of the court called for imprisonment. He does not collect the fine by virtue of his office, although it may be that he collects it under color of his office, for the reason that there is no law authorizing or empowering him to collect the fine under such circumstances. Sheriffs are subject to rule for contempt only in reference to matters connected with the discharge of those duties which the law imposes upon them in their official capacity. They are liable to be ruled for money which "they may have collected by virtue of their office." Civil Code, §§ 4770, 4771. The harsh and summary remedy of rule for contempt, which may be followed by imprisonment or other penalties, is allowed only in those cases where the sheriff has failed to discharge some official duty which the law imposes upon him. If the individual who is sheriff does an act which the law does not authorize him, as an officer, to perform, and as a consequence of the act another is injured, the sheriff is liable in an appropriate action brought against him as an individual, but is generally not amenable to the penalties which are imposed upon him for acts performed in his official character. We do not think, where a sheriff collects money under a void process, that he is liable to rule at the instance of the party from whom he collected it, although he may be, in some instances, liable as an individual, and possibly upon his official bond. See, in this connection, Political Code, § 256, par. 4. This view does not conflict with the ruling

in the matter of *Flournoy,* 1 *Ga.* 606.- In that case the accused had been convicted upon a valid indictment, and a fine had been imposed and collected by the attorney-general. The attorney-general had not appropriated it in the manner prescribed by law before a pardon was granted. It was held that the effect of the pardon was to remit the fine, and that the accused could, by rule against the attorney-general, recover the amount in his hands. In that case the attorney-general had collected the fine under authority of law, by virtue of his office. The effect of the pardon was to restore it to the accused. The case of *Parrott* v. *Wilson,* 51 *Ga.* 255, is to be distinguished upon similar reasons. Whether the petitioner could, in an action at law against the sheriff as an individual, recover the amount of the fine paid, is a question not involved in the present case, and which we will not now undertake to determine. The solution of this question would depend, to a large extent, upon whether the payment of the fine under the circumstances was voluntary, within the meaning of the Civil Code, §3723. That section declares that the payment of taxes and other claims, made through ignorance of the law, where the facts are all known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. It may be that the payment of a fine under the circumstances indicated in the petition would be merely a payment under a mistake of law; and there are authorities which hold that where this is the case, the fine can not be recovered. 19 Cyc. 558. In Bailey *v.* Paullina, 69 Iowa, 463 (29 N. W. 418), it was held that where a party was convicted under a void ordinance, and paid the fine without protest under the belief that the judgment was valid, the fine could not be recovered, even though he was in custody at the time he paid the same. See also Houtz *v.* Board of Com., 11 Wyo. 152 (70 Pac. 840). We have not undertaken to pass upon the question as to whether the laws attacked in the petition are invalid for the reasons therein set forth. For the purposes of this case we have dealt with the judgment as if it were void.

*Judgment affirmed. All the Justices concur.*