**BLUMENTHAL v. UNITED STATES.**

**LIPSHUTZ v. SAME.**

(District Court, S. D. California, S. D. March 11, 1925.)

Nos. 1343, 1344.

1. Eminent domain ⬦69—Taking of property under claim of right does not give right of action.

The taking of property by the government under claim of right does not give a right of action for its recovery or for compensation, under Const. Amend. 5.

2. Courts ⬦426—District Court is without jurisdiction of action to recover fine paid under unconstitutional statute.

Under the provision of Judicial Code, § 24 (20), being Comp. St. § 991, giving the District Courts concurrent jurisdiction of claims against the United States founded in "any contract, express or implied," there is no implied contract to repay a fine imposed in a criminal case under an unconstitutional statute and paid voluntarily, which gives the court jurisdiction of an action for its recovery.

3. Payment ⬦87(2)—Coercion resulting from criminal prosecution is not legal duress.

The coercion which results from a prosecution in court, in good faith, with full right of appeal, does not constitute legal duress.

4. Payment ⬦84(3)—Money paid under unconstitutional statute cannot be recovered.

Money paid under a statute cannot be recovered after the statute has been declared unconstitutional by the courts.

At Law. Actions by Abe Blumenthal and by E. L. Lipshutz against the United States. On demurrers to complaints. Demurrers sustained.

Joseph Scott and A. G. Ritter, both of Los Angeles, Cal., for plaintiffs.

J. C. Burks, U. S. Atty., and Robert B. Camarillo and J. E. Simpson, Asst. U. S. Attys., all of Los Angeles, Cal.

BLEDSOE, District Judge. Plaintiffs were indicted in this court, charged with a conspiracy to violate the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.). They entered pleas of not guilty, were tried before a jury and found guilty, and each of them was adjudged by the court to pay a fine of $2,501. Plaintiffs paid the fines without protest. It does not even appear that the fines were paid as a condition precedent to their enlargement from custody, or for any similar reason. Upon a judgment regularly rendered after trial the defendants suffered voluntary compliance with such judgment. More than a year thereafter the Supreme Court, in another case, declared the Lever Act to be unconstitutional. Substantially, then, the claim is that, there being no authority of law for the trial, conviction, or judgment, the latter being a nullity, there was no lawful consideration for the payment or receipt of the fines imposed and received. Plaintiffs set forth these facts in their complaints, and seek to recover the money so paid by them.

The government, appearing specially, demurs to the complaint upon the ground that the court is without jurisdiction, under the terms of the Tucker Act (subdivision 20 of section 991 Comp. Stat.), awarding certain jurisdiction to this court, concurrent with the Court of Claims, upon claims against the United States founded upon the Constitution or any law, or upon any contract, "express or implied," except claims arising in tort. Plaintiffs say (1) their case is founded on the Fifth Amendment to the federal Constitution; (2) that it is based on an implied contract. If neither of these contentions be sound, the demurrer should be sustained.

[1] If property is taken by the government under a claim of right, the Supreme Court has uniformly held that it does not give rise to a case founded on the Fifth Amendment. Schillinger v. United States, 155 U. S. 163, 168, 15 S. Ct. 85, 39 L. Ed. 108; United States v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539. On the contrary, if the government takes one's property, admitting his ownership, then a cause of action results founded on said amendment. United States v. Great Falls Co., 112 U. S.

645, 5 S. Ct. 306, 28 L. Ed. 846; United States v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539. It is plain that plaintiffs' money in the present cases was paid and received under a claim of right by the government, based on a judgment of the court. It results that plaintiffs' first contention fails.

[2] The Supreme Court has given a strict construction to the words "implied contract" in the Tucker Act. The only implied contracts which the Supreme Court has admitted under the statute we are considering are those which are based on acts expressing an intent to create an obligation, as when property is taken and used a promise is implied to pay for it. The court excludes contracts based on a waiver 'of torts (Hill v. United States, 149 U. S. 593, 13 S. Ct. 1011, 37 L. Ed. 862; Langford v. United States, 101 U. S. 341;[1] Schillinger v. United States, 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108); also cases based on an implied promise to repay money extorted without legal right (United States v. Holland American Lijn, 254 U. S. 153, 41 S. Ct. 72, 65 L. Ed. 193). This case involved the claim for money exacted from a steamship company for medical and hospital expenses for immigrants detained at Ellis Island. No statute existed authorizing a recovery of such payments, and for that reason the plaintiff failed. If, in the instant cases, plaintiffs had paid the money because of duress actually employed—i. e., threat of imprisonment—and no recovery could be had, as seems to be settled by the case last cited, a fortiori, no recovery should be had where no actual duress was employed and where the money was paid voluntarily; i. e., without protest.

[3, 4] In my judgment, on the intrinsic merits plaintiffs' cause of action is not sustainable. There is no allegation that plaintiffs in any way challenged the constitutionality of the statute under which they were indicted, convicted, and sentenced. The fact is, as I know from having tried the cases, that no such question was ever raised by them. Apparently they conceded the constitutionality of the Lever Act and were exceeding pleased to get off with the punishment imposed. They paid their fines without protest. The coercion which results from a prosecution in court, in good faith, with full right of appeal, does not constitute legal duress. In truth, the payments here were made voluntarily, purely under a mistake of law, and cannot now, in the presence of after-acquired knowledge, be recovered back. United

[1] 25 L. Ed. 1010.

States v. Edmondton, 181 U. S. 500, 515, 21 S. Ct. 718, 45 L. Ed. 971; Page on Contracts, § 1564; Williston on Contracts, § 1582. It has been repeatedly decided that money paid under an unconstitutional statute cannot be recovered after the statute has been declared unconstitutional by the courts. Benson v. Monroe, 7 Cush. 125, 54 Am. Dec. 716; Oceanic Steamship Co. v. Tappan, Fed. Cas. No. 10,405, 16 Blatchf. 296; Doll v. Earle, 59 N. Y. 638; Washington v. Barber, Fed. Cas. No. 17,224; Bailey v. Town of Paullina, 69 Iowa, 463, 29 N. W. 418; Newburgh Bank v. Woodbury, 173 N. Y. 55, 65 N. E. 858.

The respective demurrers are hereby sustained, and judgments of dismissals, with costs, will be entered.