23138.   McCAIN v. SMITH, Warden.

ARGUED SEPTEMBER 15, 1965—DECIDED SEPTEMBER 22, 1965.

*Edward T. M. Garland, Reuben A. Garland, Jr.,* for appellant.

ALMAND, Justice.   This is an appeal from a judgment refusing to discharge the appellant from the custody of the appellee, Warden of Stone Mountain State Prison Branch, after a hearing on his petition for the writ of habeas corpus.

The record discloses that: appellant James A. McCain, Jr., on an accusation issued from the Civil and Criminal Court of DeKalb County pleaded guilty of the misdemeanor offense charged therein; on April 26, 1965, he received a sentence of 12 months to be served on probation, the conditions being that he would not "violate any Federal or State penal statutes or municipal ordinances."   After a notice and hearing his service of the sentence on probation was revoked on May 19, 1965, and he is now in the custody of the respondent warden by virtue of the sentence of April 26, 1965.

The accusation under which the appellant was sentenced charged that he did on July 31, 1963, "unlawfully, and with force and arms draw, tender and utter a certain bank check of the following tenor and effect, to wit: First National Bank of Atlanta

Pay to the Order of DeKalb-Chrysler-Plymouth

Eighteen Hundred & Thirty-Six Dollars   $1836.00 Dollars,

signed   James A. McCain

and having drawn said check did thereby tender and obtain from DeKalb-Chrysler-Plymouth a certain lot of merchandise, and/or cash, he, the said James A. McCain not then and there having sufficient funds in, or credit with, The First National

Bank of Atlanta to pay said check upon presentation, contrary to the laws of said State, the peace, good order and dignity thereof."

The accusation purports to charge an offense under *Code Ann.* § 13-9933 (Ga. L. 1962, p. 593). That Code section in substance provides: "Any person, who *with intent to defraud,* shall obtain any money, goods, or other property of value, or who shall pay any obligation for wages or salary, by making, drawing, uttering, or delivering any check, draft, or order for the payment of money on any bank or other depository, *knowing* at the time of such making, drawing, uttering or delivery that the maker of such check, draft, or order has either no funds or insufficient funds on deposit in or credit with such bank or other depository with which such check, draft, or order and all other checks, drafts, or orders upon such funds or credit then outstanding, may be paid in full on presentation" shall be guilty of a misdemeanor (emphasis supplied). It has been held that the essential gravamen of this offense is uttering a check in the manner there provided and that it be done with the intent to defraud. *Berry v. State,* 153 Ga. 169 (111 SE 669, 35 ALR 370). In *McCard v. State,* 54 Ga. App. 339, 340 (187 SE 850) it was held: "One of the essential elements in an offense of the character it was sought to allege is 'the intent to defraud.' In fact, the 'intent to defraud' is the very gravamen of the offense, and a failure to allege it is fatal. The accusation in this case set forth no offense against the defendant." While a plea of guilty admits the averment of facts in the accusation and waives any defects therein in matters of form and not jurisdictional, such plea does not prevent the defendant from asserting that the facts alleged in the accusation do not constitute a crime. *Hilliard v. State,* 87 Ga. App. 769, 773 (75 SE2d 173) and cases cited therein.

The accusation failing to allege scienter and intent to defraud, it failed to charge the appellant with an offense under *Code Ann.* § 13-9933 and was void.

A person who is held in custody by reason of his conviction under an accusation which fails to charge an offense against the laws of this State may secure his release by habeas corpus.

*McDonald v. Sowell,* 129 Ga. 242 (58 SE 860, 12 AC 701);
*Tollison v. George,* 153 Ga. 612 (3) (112 SE 896); *Riley v.
Garrett,* 219 Ga. 345 (2) (133 SE2d 367).

The appellant being entitled to discharge for the above reason it is not necessary to pass upon the several other grounds which he claims rendered his sentence illegal and void.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*