## 36124. WILSON v. REED.

CLARKE, Justice.

We granted Wilson's application to appeal the denial of his petition for habeas corpus challenging the validity of his plea of guilty to theft by taking and the felony sentence of four years imposed upon the plea.

Wilson and a codefendant were indicted for burglary. The indictment charged him with unlawful entry with intent to commit a theft. Wilson and his codefendant each entered pleas of guilty to a charge of theft by taking, without further indictment or written accusation. At the plea hearing, the state presented no evidence as to the value of the goods which were involved. Wilson was sentenced to four years to serve two, with the balance to be served on probation.

In the habeas proceeding, two issues were raised. Wilson asserts that the judgment against him was void since there was no indictment or written accusation charging him with theft by taking and the crime to which he entered a plea is not a lesser included crime of burglary. He further argues it was error for the sentencing judge to impose a felony sentence where there was no evidence of the value of the property taken.

1. At the time of the plea hearing, the term "Burglary" was crossed out on the indictment and "Theft by Taking" written on the face of the indictment. The defendant contends that since theft by taking is not necessarily a lesser included offense of burglary, the indictment to which he pleaded did not set forth the elements of theft by taking, and any conviction and sentence based upon such plea is void. While a plea of guilty waives all defenses known and unknown, *Balkcom v. McDaniel,* 234 Ga. 470 (216 SE2d 328) (1975), it is also true that the defendant does not waive his right to claim that the indictment itself charges no crime. *McCain v. Smith,* 221 Ga. 353 (144 SE2d 522) (1965). A plea of guilty admits the facts set forth in an accusation or indictment; therefore, if those facts do not encompass all of the elements of a criminal offense, there can be no conviction of a crime. *Marshall v. State,* 229 Ga. 841 (195 SE2d 12) (1972).

The original indictment in this case sufficiently sets forth the crime of burglary by describing an unauthorized entry with intent to commit theft. Although the indictment did not specify what property the defendant intended to steal, at the hearing on the plea the property was described as some plumbing fixtures and other "stuff" which was allegedly taken from a vacant house which apparently was in poor condition. Defense counsel asked that the court accept this plea bargain arrangement because the defendants thought they were only taking salvage and scrap and did not in fact enter the house.

Once the accused has been indicted, or has waived indictment allowing the state to proceed on an accusation, the superior court is authorized to hear and accept guilty pleas in all noncapital felony cases. Code Ann. § 27-704. In the cases cited by the appellant, the original indictment or accusation upon which the state was proceeding was void. See *McCain* and *Marshall,* supra. In the present case, the original indictment by the grand jury was not void and the crime of burglary was sufficiently alleged. It was, therefore, proper for the superior court to take jurisdiction over a plea of guilty based on this indictment for a noncapital felony.

At the hearing on the plea of guilty the appellant was represented by counsel, and the record reflects that all parties and the court were aware that the plea to theft by taking was a result of a plea bargaining agreement.

The appellant was charged with unlawfully entering a residence belonging to James Floyd Day with the intent to commit a theft. The facts as adduced before the court taking the plea show that the appellant admitted taking property of Mr. Day, though denying entering the house. There is no contention that he did not understand the nature of his plea, that it was not knowingly and voluntarily entered, nor does he assert he is not guilty of theft by taking.

Where the original indictment is proper and through plea bargaining a defendant knowingly elects to enter a plea to a lesser offense, we hold the standard for a reviewing court should not be based solely upon whether the offense pled to is a lesser included offense as a matter of law.

In Henderson v. Morgan, 426 U. S. 637 (96 SC 2253, 49 LE2d 108) (1976), the court held a guilty plea to an offense not named in the indictment to be invalid as a matter of fact. There the defendant contended his plea was not voluntary and offended due process because he was not informed that intent to kill was an element of second-degree murder to which he pled guilty, and crucially, that he would never have entered the plea had he known of the required intent since he never meant to kill the victim. The court noted: "There is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. Defense counsel did not purport to stipulate to that fact; they did not explain to him that his plea would be an admission of that fact; and he made no factual statement or admission necessarily implying that he had such intent. In these circumstances it is impossible to conclude that his plea to the unexplained charge of second-degree murder was voluntary." Henderson, at 646. Further, the court found the case to be unique because the trial court found the defendant did not understand that

he was admitting intent to kill. The court agreed that whether the legal elements of the offense were recited formally to a defendant entering a plea would not control the validity of the conviction, but rather the reviewing court should look to "the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the accused." Henderson, at 644.

We find that the court had jurisdiction over the appellant by virtue of a valid indictment. We further find that the appellant cannot now claim the conviction void on the ground that the elements of theft by taking were not set forth in that indictment. The record shows that there was a knowing and voluntary plea to theft by taking and that while defendants denied entering the house, they admitted taking property which they claimed was outside the house. Looking at the total circumstances of the plea, we hold the conviction for theft by taking to be valid.

2. In his second enumeration, the appellant contends his sentence must be reduced from four years to a misdemeanor. At the time of his conviction for theft by taking, the law provided that such conviction "*shall be punished as for a misdemeanor* except: (a) If the property which was the subject of the theft exceeded $200 in value ... by imprisonment for not less than one and not more than 10 years, or, in the discretion of the trial judge, as for a misdemeanor." (Emphasis supplied.)

It is undisputed that there was no showing in this case as to the value of the property taken. The habeas court refused to reduce the sentence to a misdemeanor since the plea was proper and value is not an element of theft by taking. While it is true that value is not an element of the crime of theft by taking, value is an issue in a theft case for the purpose of ascertaining punishment. *Mack v. Ricketts,* 236 Ga. 86 (222 SE2d 337) (1976).

Since Wilson entered a plea of guilty to theft by taking, he admitted taking property of some value. Neither the indictment nor the plea hearing offered any indication as to value, and there was no showing in the record that Wilson was on notice that value was an essential element in ascertaining punishment. In the absence of some showing that the value of the property was over $200, it is error to enter a felony sentence. *Mathis v. State,* 147 Ga. App. 148 (248 SE2d 212) (1978). No evidence of value was presented at the time of appellant's plea, and while he admitted he was guilty of theft by taking, he made no admission that the property had a value of more than $200. We find nothing in the record to "serve as a substitute for either a finding after trial, or a voluntary admission" that would supply this element needed to support a felony sentence. Henderson

v. Morgan, supra, at 646. Accordingly, we find it was error to enter the felony sentence, and we order the sentence vacated and direct that a misdemeanor sentence be entered on the conviction for theft by taking.

*Affirmed in part; reversed in part and remanded with direction. All the Justices concur, except Nichols, Bowles, and Marshall, JJ., who dissent.*

SUBMITTED APRIL 4, 1980 — DECIDED NOVEMBER 25, 1980.

*Thomas J. Killen, James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Lennie F. Davis, Eugene Hardwick Polleys, Jr.,* for appellee.