## 37380. BRELAND v. SMITH.

HILL, Presiding Justice.

We granted petitioner's application to appeal the denial of his petition for habeas corpus in which he challenged the validity of his guilty plea to theft by receiving goods over $100.00 and the sentence of six years imposed by the Richmond County Superior Court on that plea.

1. Before examining the merits, a threshold question concerning mootness must be addressed. It is undisputed that the sentence on the guilty plea in issue in this case expired on February 9, 1976. It is also undisputed that on November 21, 1974, while petitioner was serving the six-year sentence challenged here, the Jefferson County Superior Court imposed a sentence on a separate

charge with directions that such sentence run consecutive to petitioner's six-year Richmond County sentence.[1] Upon completion of the Richmond County sentence challenged here, petitioner began serving his Jefferson County sentence and is tentatively due to be released on February 28, 1982.

Because petitioner has completed the sentence challenged here, the question of mootness arises. The petitioner contends that the petition is not moot because the setting aside of the Richmond County sentence would mean that the petitioner commenced serving the Jefferson County sentence on the date of sentencing, November 21, 1974, and would be due for release now. We agree that the issue is not moot. *Parris v. State,* 232 Ga. 687 (208 SE2d 493) (1974); *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974).

2. Petitioner contends that he was denied due process because the court allowed him to plead guilty on a silent record to an offense not charged.

Under the Richmond County grand jury indictment, petitioner was charged with burglary (Code Ann. § 26-1601) in that he "unlawfully with force and arms, without authority and with intent to commit a felony therein entered the dwelling house of James R. Nelson, the owner thereof." The petitioner pleaded "guilty" to theft by receiving goods over $100.00 (Code Ann. §§ 26-1806, 26-1812). There is no transcript of the guilty plea and the record is silent concerning the facts relied on to constitute the offense.

Petitioner contends that he has been denied due process because his guilty plea was made to an offense not described in the indictment, and particularly because theft by *receiving* is not a lesser included offense of burglary. He argues that neither a conviction nor a guilty plea can be sustained on a charge not made, particularly on a silent record.

In Henderson v. Morgan, 426 U. S. 637 (96 SC 2253, 49 LE2d 108) (1976), the defendant was indicted for first-degree murder and pleaded guilty to second-degree murder. On habeas corpus his New York guilty plea was vacated as being involuntary because he had not been advised that intent to cause death was an essential element of second-degree murder. The Supreme Court affirmed, holding that where the record fails to show that the essential element of intent in

---

[1] There is a suggestion of record, but no proof, that the Jefferson County sentence was imposed for escape. Because the nature of the Jefferson County offense has not been established, we do not consider whether escape bars petitioner from seeking habeas corpus relief. See Strickland v. Hopper, 571 F2d 275 (5th Cir. 1978), cert. denied 439 U. S. 842 (1978). See also the concurring opinion of this writer in *Brown v. Ricketts,* 235 Ga. 29 (218 SE2d 785) (1975).

the lesser included offense was explained to the defendant, the guilty plea was involuntary and lacked the due process requirement of notice. In the case now before us, the record fails to show that the elements of the crime to which the defendant pleaded guilty were explained to him.

In *Wilson v. Reed,* 246 Ga. 743 (272 SE2d 699) (1980), the defendant was indicted for burglary (unlawful entry with intent to commit a theft) and pleaded guilty to theft by *taking.* We found his guilty plea to be valid because the record showed that the defendant admitted taking the property, albeit the property was taken from the yard rather than from inside the house. However, because there was no evidence at the guilty plea hearing as to the value of the property taken, we ordered the defendant's felony sentence vacated and a misdemeanor sentence imposed.

In the case before us, as in *Wilson,* there is no evidence as to the value of the property taken. Aside from this similarity the case before us differs from *Wilson.* First, theft by taking may be a lesser included offense to burglary while theft by receiving is not a lesser included offense to burglary. *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567) (1972). And most importantly, unlike the instant case, in *Wilson,* facts admitted by the defendant sufficient to support a finding of theft by taking were a matter of record.

The waivers necessarily involved in a guilty plea cannot be presumed from a silent record. See Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). In view of the total absence of a record in this case, we cannot find that the petitioner had notice of the crime to which he pleaded guilty. His guilty plea under these circumstances was therefore invalid and the sentence imposed thereon must be set aside.

*Judgment reversed. All the Justices concur, except Jordan, C. J. and Marshall, J., who dissent.*

DECIDED JUNE 16, 1981.

*James C. Bonner, Jr.,* for appellant.

*James C. Abbott, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.