## 66437. HOLLOMAN v. THE STATE.

CARLEY, Judge.

Appellant was indicted for burglary and was convicted of theft by receiving stolen property. He appeals his conviction.

1. Appellant enumerates as error the trial court's failure to grant his motion for a directed verdict of acquittal. At the close of the case, the court refused to direct an acquittal, but on its own motion "reduced" the charge against appellant from burglary to theft by receiving stolen property. This was error, as "theft by receiving is not a lesser included offense to burglary." *Breland v. Smith,* 247 Ga. 690, 692 (279 SE2d 204) (1981). "Under [OCGA § 16-8-7 (Code Ann. § 26-1806)] theft by receiving stolen property . . . requires a receiving, disposing or retaining of stolen property which the accused knows or should know was stolen . . . while the offense of burglary [OCGA § 16-7-1 (a) (Code Ann. § 26-1601)] requires an entering or remaining in a building without authority with intent to commit a felony or theft therein. Nowhere is there an allegation of receiving, disposing or retaining of stolen property." *Gearin v. State,* 127 Ga. App. 811, 812 (195 SE2d 211) (1973).

" ' "It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." [Cit.] . . . it

has uniformly been held that burglary, larceny or robbery is an entirely separate offense from that of receiving stolen [property] and that there can be no merger.' [Cits.]" *Adams v. State,* 164 Ga. App. 295, 296 (297 SE2d 77) (1982).

In the case at bar, the bill of indictment charged appellant with the offense of "Burglary, a Felony," in that he "unlawfully without authority and with the intent to commit a theft therein, entered the mobile home of Brian Jones . . ." Under such indictment, appellant could not be convicted of theft by receiving, since that crime was not expressly charged and could not be deemed to be included in the offense charged by the language of the indictment. *Adams v. State,* supra.

The trial judge effectively granted a directed verdict as to the burglary charge when he "reduced" the charge to theft by receiving on the erroneous theory that that crime was a lesser included offense of burglary. Regardless of the propriety of the direction of a verdict as to the burglary charge, the trial court erred in allowing the case to proceed against appellant on a charge not included in the indictment. Under the circumstances of the instant case, appellant's conviction cannot stand.

2. Appellant's remaining enumerations of error have been rendered moot by our holding in Division 1.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 18, 1983 —
REHEARING DENIED NOVEMBER 1, 1983.

*John E. Pirkle,* for appellant.
*Dupont K. Cheney, District Attorney, Douglas A. Datt, Assistant District Attorney,* for appellee.