## 75492. SPIVEY v. THE STATE.
## 75533. NICHOLS v. THE STATE.
(366 SE2d 838)

SOGNIER, Judge.

Appellants were tried jointly and convicted of two counts of burglary and possession of a firearm by a convicted felon, and they appeal.

1. Both appellants contend the trial court erred by charging the jury on flight, as there was no evidence of flight. This contention is not supported by the evidence, which disclosed that the two burglaries involved here occurred between 9:00 a.m. and 3:45 p.m., February 13, 1986, in Cobb County, Georgia. On February 16, 1986, appellants were arrested in a motel in Sarasota, Florida, for selling firearms illegally. Police recovered several guns from the trunk of appellants' car, some of which were later identified as guns stolen from the two burglary victims. Appellants argue that because they did not leave the state until three days after the burglaries, the flight was too remote in time to authorize a charge on flight. This argument has been decided adversely to appellants' contention. *Griffin v. State*, 170 Ga. App. 287, 293 (8) (316 SE2d 797) (1984). Further, when there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. *Fredericks v. State*, 172 Ga. App. 379, 380 (2) (323 SE2d 265) (1984).

*Case No. 75492*

2. Appellant Spivey alleges error in the trial court's failure to charge the jury on the lesser included offense of theft by receiving. This enumeration of error is without merit, as theft by receiving is not a lesser included offense of burglary. *Breland v. Smith*, 247 Ga. 690, 692 (2) (279 SE2d 204) (1981); *Holloman v. State*, 168 Ga. App. 683 (1) (310 SE2d 734) (1983).

3. Appellant Spivey alleges error in denial of his motion to sever his case from the trial of appellant Nichols. Spivey relies on *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975), in which the court set forth three factors to consider on motions to sever. Those factors are: (1) Will the number of defendants create confusion of the evidence and law applicable to each defendant? (2) Is there a danger that evidence against one defendant will be considered against another defendant despite cautionary instructions by the court? (3) Are the defenses of the defendants antagonistic to each other or to each other's

rights?

In the instant case the defendants were alleged to have committed the burglaries together, so the evidence against both was the same, as was the law applicable to the case. There was no evidence admissible against one defendant that was not admissible against the other, with the exception of evidence against each defendant to show that he was a convicted felon. However, those charges (possession of a firearm by a convicted felon) were tried in a bifurcated trial, and would not be cause for a severance of the trial on the burglary charges. Further, there was nothing antagonistic in the defendants' defenses; both defendants denied committing the burglaries, and both defendants testified they bought the guns found in their car from two men they met in an Atlanta bar. Even if the defenses were considered antagonistic in some minor detail, the mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. Id.; *Owens v. State*, 251 Ga. 313, 321 (8) (305 SE2d 102) (1983). The decision as to whether the defendants may be tried jointly for a felony less than capital is within the discretion of the judge, OCGA § 17-8-4, and the denial of a motion to sever is not cause for reversal absent an abuse of discretion. *Owens*, supra, at 320 (8). Under the circumstances here we find no abuse of discretion, and no prejudice resulting to Spivey from being tried jointly with Nichols.

4. Appellant Spivey contends the trial court erred by refusing to grant him additional jury strikes to compensate for being tried jointly with appellant Nichols. In this regard, OCGA § 17-8-4 provides, in pertinent part: "When two or more defendants are tried jointly for a crime or offense, such defendants shall be entitled to the same number of strikes as a single defendant if tried separately. The strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the manner the court shall direct. In the event two or more defendants are tried jointly, the court, upon request of the defendants, *acting in its sole discretion*, may allow an equal number of additional strikes to the defendants, not to exceed five each, as the court shall deem necessary, to the ends that justice may prevail." (Emphasis supplied.)

Although appellant states in his brief that each defendant was forced to be tried by a jury partially selected by someone who had a defense antagonistic to his own, we noted in Division 3 that the defenses were not antagonistic. Further, Spivey has not indicated how he was prejudiced by the trial court's refusal to allow him additional strikes, nor has he shown any abuse of the court's discretion in denying his request. We find no abuse of discretion here, and accordingly, it was not error to deny Spivey's request for additional strikes. See *Merrill v. State*, 130 Ga. App. 745, 750 (3) (b) (204 SE2d 632) (1974); *Kirby v. State*, 174 Ga. App. 58, 61 (5) (329 SE2d 228) (1985).

*Case No. 75533*

5. Appellant Nichols contends the trial court erred by failing to give the oath of jury on voir dire to the first panel of twelve jurors, as required by OCGA § 15-12-132. Although the voir dire examination was not recorded completely and we cannot tell whether an oath on voir dire was administered, appellant made no objection to the failure of the court to administer the oath to the first panel. A defendant may forfeit his right to a voir dire conducted under oath by failing to timely assert that right. *Gober v. State*, 247 Ga. 652, 654 (2) (278 SE2d 386) (1981). "Absent any showing of actual prejudice, we are not inclined to reverse a conviction because the voir dire was not conducted under oath where no objection was made below." Id. at 655. Appellant has not demonstrated how he was prejudiced in any way by the alleged failure to administer the oath on voir dire to the first panel. Thus, even if no oath was administered, we find he has forfeited his right to a voir dire conducted under oath by failing to object or otherwise timely assert that right.

6. Appellant Nichols also asserts error in the failure of the court to voir dire the first panel of twelve jurors as required by OCGA § 15-12-132. The court reporter testified at the hearing on appellant's motion for a new trial that as soon as the judge told the jurors that when their names were called to be seated in the jury box, he (the reporter) left the courtroom, because he is not required to take down jury voir dire in a criminal case unless it is a murder case. The reporter did not return until an hour later, when the defense requested that the voir dire be reported. Thus, there is no transcript to reflect whether the statutory questions were or were not asked by the court. However, appellant failed to object, and absent a timely objection, there is no reversible error. *Quick v. State*, 256 Ga. 780, 783 (3) (b) (353 SE2d 497) (1987).

7. Appellant Nichols alleges the evidence is not sufficient to support his convictions of burglary, and thus, it was error to deny his motion for a new trial as to those two offenses. The evidence disclosed that the two victims in this case, Harold Spivey and Bobby Gunter, were in-laws and lived next door to each other. Their homes were broken into on February 13, 1986, by breaking out windows. Ten guns, several pieces of jewelry, $50 in rolled coins and $125 worth of silver coins, and a bed sheet were taken from Harold Spivey's home. Twelve guns, a jewelry box containing several pieces of jewelry, two fur coats, a bow and a comforter were taken from Gunter's home. Both victims knew appellants, as appellant Spivey had lived with Harold Spivey for approximately two years, and both appellants were related to the victims. Appellant Nichols lived in a house just four doors from Harold Spivey. Neither of the victims gave appellants authority to enter

their homes or to remove any property.

Appellants were arrested at a motel in Sarasota, Florida, three days after the burglaries occurred, and several guns and a jewelry box containing several pieces of jewelry were found in the trunk of appellants' car. Some of the guns were identified as belonging to the victims which had been stolen in the burglaries. Both appellants denied committing the burglaries, and testified that they had purchased the guns from two men they met in an Atlanta bar about a week before the burglaries.

Nichols argues that there is no direct evidence connecting him to the burglaries, and his recent possession of the stolen guns was explained by appellants' testimony. Nichols argues that the circumstantial evidence supporting his convictions of burglary was insufficient to exclude every reasonable hypothesis save that of his guilt. Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is primarily a question for the jury where, as here, the jury has been properly charged on circumstantial evidence. *Johnson v. State*, 185 Ga. App. 505 (364 SE2d 893) (1988). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant Nichols' motion for a new trial on these grounds.

8. Although appellant Spivey makes an extensive argument in his brief as to why the evidence is not sufficient to support his convictions of burglary, he has not enumerated insufficiency of the evidence as error. Nevertheless, our conclusion as to sufficiency of the evidence in appellant Spivey's case would be the same as that reached in Division 7 as to appellant Nichols.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988.

*Linda B. Borsky*, for appellant (case no. 75492).
*Roger L. Curry*, for appellant (case no. 75533).
*Thomas J. Charron, District Attorney, Nancy I. Jordan, Rose L. Wing, Assistant District Attorneys*, for appellee.