S98A0902. WHARTON v. ANDERSON.
(504 SE2d 670)

</div>

CARLEY, Justice.

In September of 1989, the grand jury indicted Richard Anderson for three counts of burglary. Thereafter, the district attorney and defense counsel negotiated a plea bargain, which permitted Anderson to avoid prosecution for the burglary charges. Under the terms of the agreement, Anderson would plead guilty to three counts of felony theft by receiving property that had been stolen in the burglaries, in return for which the State would recommend the imposition of sentences totaling 15 years. Although Anderson was never formally indicted for the three counts of theft by taking and no accusation charging him with those offenses was ever filed, the trial court, after conducting a hearing, accepted the guilty pleas and imposed a 15-year sentence for all three offenses. The fact that Anderson was pleading guilty to theft by receiving property stolen in the burglaries was documented on the face of the indictment, and acknowledged by the signatures of Anderson and his counsel. In May of 1997, Anderson filed a pro se petition for habeas corpus relief. The habeas court granted the writ, ruling that the trial court erred in accepting Anderson's guilty pleas because the crime of theft by receiving was not charged expressly in the indictment and was not a lesser included offense of burglary. The habeas court also concluded that the trial court erred in imposing more than a misdemeanor sentence for each count because there was no showing that the value of the stolen property in any of the burglaries exceeded $500. The Warden appeals from the grant of the writ of habeas corpus.

1. The indictment alleged that Anderson committed the burglaries by entering three dwellings with the intent to commit a theft

therein. The habeas court correctly observed that, as to each of these alleged burglaries, theft by receiving could not be a lesser included offense. *Holloman v. State*, 168 Ga. App. 683 (1) (310 SE2d 734) (1983). However, Anderson entered negotiated guilty pleas to theft by receiving only after the grand jury returned a proper indictment charging him with the burglaries. Compare *Holloman v. State*, supra at 683 (1) (trial court's sua sponte reduction of charge from burglary to theft by receiving). Under these circumstances, "the standard for a reviewing court should not be based solely upon whether the offense pled to is a lesser included offense as a matter of law." *Wilson v. Reed*, 246 Ga. 743, 744 (1) (272 SE2d 699) (1980). "[R]ather the reviewing court should look to 'the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the accused.' [Cit.]" *Wilson v. Reed*, supra at 745 (1). Thus, habeas relief was authorized in this case only if, under the totality of the circumstances, the substance of the theft by receiving charges was not conveyed to Anderson.

A waiver of the constitutional right to notice of the crime charged cannot be presumed from a silent record. *Breland v. Smith*, 247 Ga. 690, 692 (2) (279 SE2d 204) (1981). However, unlike in *Breland*, supra, the record in this case is not entirely silent, because it contains the transcript of the guilty plea hearing. That transcript shows that Anderson's indictment on the burglary charges was based upon evidence of his recent possession of stolen property. It also shows that, in response to the trial court's inquiry, Anderson admitted that he was guilty of the offenses to which he was entering his pleas, because he had received goods with the requisite knowledge that they were stolen. Moreover, the transcript shows that Anderson was represented by counsel, and also that all parties and the trial court were aware that the pleas were the result of a negotiated plea bargain agreement. *Wilson v. Reed*, supra at 744 (1). Where, as here, the defendant has legal representation, a presumption arises that "defense counsel routinely explain[ed] the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson v. Morgan*, 426 U. S. 637, 647 (II) (96 SC 2253, 49 LE2d 108) (1976). The transcript discloses no reason why this presumption should not apply here. Indeed, in addition to the transcript of the guilty plea hearing, the record also shows that Anderson's trial counsel appeared at the habeas hearing and testified to Anderson's admission of possession of stolen items with the knowledge that they had been taken in the three burglaries. See *Roberts v. Greenway*, 233 Ga. 473 (211 SE2d 764) (1975). Under the totality of these circumstances surrounding Anderson's guilty pleas, his convictions for theft by receiving were valid and the habeas court erred in holding otherwise. *Wilson v. Reed*, supra at 745 (1). Compare *Breland v. Smith*,

supra at 692 (2) ("total absence of a record").

2. There is nothing in the transcript of the guilty plea hearing which shows the actual value of the stolen property. However, such evidence is not required. All that is necessary is something "in the record to 'serve as a substitute for either a finding after trial, or a voluntary admission' that would supply this element needed to support a felony sentence. [Cit.]" *Wilson v. Reed*, supra at 745 (2). The transcript of the guilty plea hearing shows that the negotiated plea bargain was clearly denominated as evidencing the admission of Anderson's specific guilt as to "felony" theft by receiving. Compare *Breland v. Smith*, supra at 692 (2); *Wilson v. Reed*, supra at 745 (2). Moreover, according to the testimony given by Anderson's trial counsel at the habeas hearing, he had explained to Anderson that the pleas were for "felony" charges. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U. S. 563, 569 (II) (109 SC 757, 102 LE2d 927) (1989). Thus, a negotiated agreement to tender a guilty plea to "felony" theft by receiving necessarily incorporates the defendant's voluntary admission of the existence of the factual element that the stolen property had a value greater than $500. "[A]cceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process." *Bordenkircher v. Hayes*, 434 U. S. 357, 363 (IV) (98 SC 663, 54 LE2d 604) (1978). Accordingly, the habeas court erred in failing to find that there was a sufficient substitute for evidence of the actual value of the stolen property, so as to authorize the imposition of felony sentences for the three counts of theft by receiving to which Anderson pled guilty.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellant.

*Turner & Willis, Christopher W. Willis,* for appellee.