### S16A0821. KENNEDY v. PRIMACK.
(791 SE2d 819)

MELTON, Justice.

On November 20, 2012, Esther Primack entered a non-negotiated guilty plea to second degree cruelty to children based on her failure to seek medical treatment for her four-year-old daughter after Primack's boyfriend had broken the child's leg. Primack was sentenced to the maximum penalty, ten years in prison. On April 17, 2015, Primack filed a petition for habeas corpus relief in which she argued that her plea counsel was ineffective in several respects and that her guilty plea was not entered knowingly and voluntarily because she did not understand the meaning of "criminal negligence" when she entered her plea. The habeas court granted relief to Primack on her claims of ineffective assistance and on her claim that she had not entered her guilty plea knowingly and voluntarily. Kathleen Kennedy, in her capacity as warden, appeals from this ruling. As explained more fully below, because the habeas court properly granted relief to Primack on the ground that she did not enter her guilty plea knowingly and voluntarily, we affirm the habeas court's ruling on that basis alone and need not address the habeas court's ruling on the ineffectiveness of her plea counsel.

1. On appeal from a habeas court's ruling, "[t]he proper standard of review requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation omitted.) *Terry v. Hamrick*, 284 Ga. 24, 25 (663 SE2d 256) (2008). With this standard in mind, we recognize that, "[t]o properly form the basis for a judgment of conviction, a guilty plea must be voluntary,

knowing, and intelligent." *Lejeune v. McLaughlin*, 296 Ga. 291 (1) (766 SE2d 803) (2014), citing *Brady v. United States*, 397 U. S. 742, 748 (I) (90 SCt 1463, 25 LE2d 747) (1970). In other words, "the accused must have 'sufficient awareness of the relevant circumstances and likely consequences' of [her] plea." Id. at 291-292 (1). As the United States Supreme Court has stated:

> A defendant who enters . . . a [guilty] plea simultaneously waives several constitutional rights, including [her] privilege against compulsory self-incrimination, [her] right to trial by jury, and [her] right to confront [her] accusers. For this waiver to be valid[,] . . . it must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U. S. 458, 464 [(58 SCt 1019, 82 LE 1461)] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, *it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.*

(Footnotes omitted; emphasis supplied.) *McCarthy v. United States*, 394 U. S. 459, 466 (I) (89 SCt 1166, 22 LE2d 418) (1969); Uniform Superior Court Rule 33.8 (A).

Primack was charged with cruelty to children in the second degree, which is defined under OCGA § 16-5-70 (c): "Any person commits the offense of cruelty to children in the second degree when such person *with criminal negligence* causes a child under the age of 18 cruel or excessive physical or mental pain." (Emphasis supplied.) Here, the parties do not dispute that Primack was aware of the factual basis for her plea of guilty to second degree cruelty to children. However, the record reveals that the habeas court had a proper basis for concluding that Primack did not possess a sufficient understanding of the law in relation to those facts in order to render her plea voluntary. Specifically, the following exchange took place at Primack's guilty plea hearing, wherein she directly questioned the trial court and her plea counsel about the definition of "criminal negligence" with respect to the charge against her, but was not given a clear answer about the meaning of the term:

> PRIMACK: Your Honor. What is criminal negligence?
> THE COURT: What is criminal negligence? It is negligence that goes beyond gross negligence and rises to the level of

> criminal negligence. That's a law school answer, I suppose, isn't it, Mr. Williamson [Defense Counsel]? It's a gross deviation from the standard. You have a duty to that child to seek medical care. Okay? You did not seek medical care. There's negligence. There's simple negligence. There's gross negligence and when you go beyond gross negligence, you get into the area of criminal negligence. Have I stated that correctly?
>
> STATE: I believe so, Your Honor.
>
> DEFENSE COUNSEL: That's basically what it boils down to is that the legislature has said something of this magnitude is a crime, as opposed to just being a [sic] simple negligence.
>
> THE COURT: That is absolutely correct. That's what it amounts to. This is beyond gross negligence. This is something that's just practically inexcusable.

No one asked Primack if she understood the "law school answer" and explanation of the term "criminal negligence" given by the trial court and defense counsel. Nor are we persuaded that the answers given by the trial court and defense counsel, which compared legal terms of art such as "simple negligence" and "gross negligence" without further context, and which referenced the "legislature [saying] something of this magnitude is a crime," were sufficient to allow Primack to "possess[ ] an understanding of the law in relation to the facts" of her case. *McCarthy*, supra. Indeed, the definitions offered by the trial court and defense counsel contained none of the straightforward language that the Georgia legislature has used to actually define the term "criminal negligence." Pursuant to OCGA § 16-2-1 (b), "criminal negligence" is "an act or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby." The definitions offered by the trial court and defense counsel simply did not convey any of the concepts that define "criminal negligence" in any straightforward or readily discernable way to a defendant who specifically asked what the term meant. Indeed, Primack testified at the habeas hearing that she did not, in fact, understand the explanation given by the trial court and her defense counsel.

Accordingly, we conclude that the record supports the habeas court's finding that Primack was not adequately informed that her failure to seek medical care for her child had to rise to a level of "willful, wanton, or reckless disregard for the safety" of her daughter in order for Primack to have acted with the necessary "criminal negligence" to be found guilty of second degree cruelty to children. We

therefore uphold the habeas court's decision to grant relief to Primack based on her argument that she did not enter her guilty plea knowingly, voluntarily, and intelligently.

2. In light of our holding in Division 1, supra, that the habeas court properly granted relief to Primack based on the involuntariness of her plea, we need not address the additional bases upon which the habeas court also granted relief to Primack.

*Judgment affirmed. All the Justices concur.*

## DECIDED OCTOBER 3, 2016.

*Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*W. Keith Barber; Cris E. Schneider*, for appellee.

## S16A0824. GARIBAY v. TERRY.
### (791 SE2d 806)

HUNSTEIN, Justice.

This Court granted Jesus Garibay's application for a certificate of probable cause to appeal to address whether the habeas court erred in dismissing Garibay's habeas petition for failure to prosecute where no written order was taken within five years even though the petition had been orally denied at an earlier hearing and all that remained in the proceeding was for the habeas court to enter an order memorializing its ruling. Concluding that Garibay's petition was improperly dismissed, we reverse the habeas court's order and remand this matter to the habeas court.

The facts are not in dispute. Garibay filed a petition for habeas corpus in the Macon County Superior Court, and, in November 2008, the habeas court entered an order setting the matter for an evidentiary hearing. During the subsequent hearing, held in late November 2008, the habeas court orally denied the petition, and an attorney for the Warden represented to Garibay that she would prepare an order for the habeas court. In May 2009, after the Warden had failed to submit a proposed order, Garibay submitted his own proposed order. In August 2009, Garibay filed a "Notice for Ruling," in which he highlighted the Warden's failure to submit a proposed order and asked the habeas court for a written ruling. On December 23, 2013, the habeas court issued an order dismissing the petition under OCGA §§ 9-2-60 and 9-11-41 for want of prosecution because no