FINAL COPY
309 Ga. 610

S20A0863. PERRY v. THE STATE.

BLACKWELL, Justice.

Kyle Diamond Luke Perry pleaded guilty to the murder of Jeremias Ortiz and other crimes. The trial court accepted Perry's plea and promptly imposed sentence, including a sentence of imprisonment for life for the murder. Several years later, Perry filed a motion for an out-of-time appeal, which the trial court granted. Perry then filed a timely notice of appeal, and in this Court, he claims that his plea was not entered freely and voluntarily. We see no error and affirm.

The record shows that Perry was indicted by a Liberty County grand jury and charged with murder with malice aforethought, murder in the commission of a felony, two counts of aggravated assault, burglary, theft by receiving stolen property, unlawful possession of a firearm during the commission of a felony, and possession of marijuana. At some point, Perry entered a guilty plea,

but he withdrew that plea prior to sentencing.

His case went to trial in January 2016, but after about a dozen witnesses testified, Perry announced that he wished to plead guilty for a second time. The trial court conducted a plea hearing, during which the prosecuting attorney proffered the following factual basis for the plea (which was consistent with evidence introduced at the trial): On June 1, 2013, Perry entered Ortiz's apartment to steal a television. Ortiz confronted Perry, and Perry shot at Ortiz and his wife, fatally wounding Ortiz. Responding officers discovered a trail of Perry's blood, which led from Ortiz's apartment to Perry's apartment in the same complex. The murder weapon (a stolen Rossi .357 Magnum revolver) was found in Perry's trash can. Perry had ammunition for a .357 Magnum revolver in his pockets, as well as a small amount of marijuana. Perry confessed to the crimes, except that he claimed to have purchased the revolver.

During a colloquy with the trial court, Perry said that he was 24 years old, had attained a GED, was not suffering from any physical or mental disease, was not under the influence of drugs or

alcohol, could understand the judge's statements and questions, and understood each of the charges against him (which were read to him twice during the plea hearing). Perry acknowledged that he understood each of the charges and the sentences he could face for each charge, he confirmed that he understood the rights he would be waiving by entering a guilty plea (including the right to a jury trial, the right against self-incrimination, and the right to confront witnesses), and he said that he had discussed those rights with his lawyers. Perry confirmed that he was entering his plea freely and voluntarily, and he spontaneously asserted that "the evidence is overwhelming . . . to convict [him] of what [he was] charged with." Finally, the trial court accepted the guilty plea, finding that it had been freely and voluntarily made.

In his sole enumeration of error, Perry claims that his plea was not freely and voluntarily made because the record does not show that he "understood the law" related to the crimes to which he pleaded guilty. Although it is true that the State bears the burden of showing that Perry entered his plea freely and voluntarily, the

State "may meet its burden by showing on the record of the guilty plea hearing that [Perry] understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing." Bradley v. State, 305 Ga. 857, 859 (2) (828 SE2d 322) (2019) (citation and punctuation omitted). Here, Perry does not even identify the "law" that he claims he did not understand when he entered his guilty plea. Compare Kennedy v. Primack, 299 Ga. 698, 700-701 (1) (791 SE2d 819) (2016) (upholding habeas court's conclusion that plea was not entered freely and voluntarily where the defendant asked during her plea hearing about the meaning of "criminal negligence" as it applied to a specific charge, and the trial court acknowledged that it provided her with a "law school answer," which "compared legal terms of art such as 'simple negligence' and 'gross negligence' without further context") (punctuation omitted). To the extent that Perry contends that he did not understand the charges against him, he has not overcome the presumption that his lawyers "explained the nature of the offense[s] in sufficient detail to give

[him] notice of what he [was] being asked to admit," and this enumeration of error has no merit. Wharton v. Anderson, 270 Ga. 22, 23 (1) (504 SE2d 670) (1998) (citation and punctuation omitted).

Judgment affirmed. All the Justices concur.

DECIDED AUGUST 24, 2020.

Murder. Liberty Superior Court. Before Judge Stewart.

*Brandon S. Clark, Robert L. Persse*, for appellant.

*Tom Durden, District Attorney, Melissa L. Poole, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.