47741, 47742. CAMPBELL v. THE STATE (two cases).

HALL, Presiding Judge. Because many of the facts are duplicated in these two appeals from criminal convictions, we have consolidated them for this opinion. The defendants are brothers. For clarity we will refer to them by their first names, Richard and Larry. The record suggests that on a particular evening they were together in Larry's car and that Richard was driving, presumably because Larry's license had been revoked. The car was halted by policemen. A disagreement arose in which some cursing, pushing and kicking was perpetrated by the brothers upon the

policemen. Larry was charged with four misdemeanors: Allowing another to drive while intoxicated; abusive language; escape; and driving without a license on another occasion the previous week. Richard was charged with public drunkenness; driving under the influence; simple battery; and a simple assault on someone else a few weeks previously.

They were tried on the same day, though separately, in the Criminal Court of Fulton County and were both convicted on all charges. They each received sentences which added up to two years imprisonment apiece. Both made motions for a new trial which were denied following a joint hearing.

1. The primary ground for Larry's motion was denial of the right to counsel. He contends that he was indigent, unrepresented and uninformed of his right to have appointed counsel. The state contends he made an intelligent waiver. At the hearing on his motion, the following facts were developed: that court convened at 9:00 a. m. and that he arrived promptly at that time; that at 8:55 a. m. a deputy clerk made a general announcement, part of which stated the right to court-appointed counsel; that the solicitor asked him, "Do you anticipate hiring counsel?" and that he was advised "he had the right to hire an attorney" but declined to do so; and that the solicitor did not explain the possible consequences of either his one guilty plea (driving without a license) or the other three pleas of not guilty, nor did he inform him of other procedural rights. The evidence also showed indigency prima facie. The court did not rule that defendant was ineligible nor that it had found waiver based on any of the above facts. The court stated as its reason for denying the motion that "the solicitor's office is very meticulous in inquiring of every defendant that's appeared before me about counsel."

We do not believe this is sufficient to show a knowing and

intelligent waiver, an act which can never be lightly presumed. On the contrary, the presumption is against waiver. Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461, 146 ALR 357); Boyd v. Dutton, 405 U. S. 1 (92 SC 759, 30 LE2d 755); Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70). The clerk's announcement here, while perhaps an efficient way to communicate information to a large calendar, is of no value if not actually heard and in any event can only be a preliminary step. The solicitor's inquiries and defendant's responses—according to the solicitor's own testimony—could be easily understood to relate to employed counsel only. Even more critical, there is nothing to indicate that the defendant understood the gravity of the consequences if convicted on these charges. If he had been informed that he could receive as much as four years on the combined charges and that if eligible he could have a court-appointed lawyer, it is more than likely he would have accepted one. If there was a waiver here, it could not be characterized as knowing or intelligent.

It is the responsibility of the trial judge, when the accused is without counsel, to clearly determine whether there has been a proper waiver. Johnson v. Zerbst, 304 U. S. 458, supra. "[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

Von Moltke v. Gillies, 332 U. S. 708, 723 (68 SC 316, 92 LE 309); Phillips v. Smith, 300 FSupp. 130.

It is apparent from these Sixth Amendment cases that the standards for determining waiver are of con-stitutional dimension and are therefore applicable to the states under the Fourteenth Amendment. Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783). It is equally clear that, as a basic minimum, the trial judge must concern himself in the process of determination when an accused appears before him unrepresented. Here the judge, by his own statement, relied upon an assumption that the solicitor had done everything necessary. This is simply not sufficient.

We recognize the additional burden this places upon a court; but having repeatedly recognized the critical importance of counsel in any criminal proceeding, we cannot in turn allow the right to be effectively denied by unexamined "waivers." Of course, there are several ways in which a court could handle these matters and we are not holding that a lengthy and searching examination from the bench would be demanded by the circumstances of every case. For example, a lawyer might be appointed as an officer of the court to conduct investigations and make preliminary determinations of probable indigency; and, where found, to fully explain to the accused what his basic rights are, to make the offer of counsel, and to give him all other facts essential to his understanding of the nature and possible consequences of the charges against him. If an accused then wishes to proceed without counsel, a trial judge would be justified in largely relying upon a statement to this effect from the neutral court officer. See American Bar Association: Standards Relating to Providing Defense Services, § 7. The same reliance cannot be placed on an inquiry conducted by the prosecuting attorney or any other person standing in an adversarial relationship to the accused. In the areas

where an employed court officer is not feasible, the same functions could be performed by the local bar on a rota basis.

In any event, the courts and society have a strong interest in devising functional ways to comply with constitutional mandates of the Supreme Court of the United States in order that convictions will be upheld and duplication of trials avoided. For the reasons given above, the court erred in denying the defendant's motion for a new trial.

2. Richard had a court-appointed attorney for his trial and the basis for his motion is ineffective counsel. He contends the court erred in refusing to allow testimony which would show ineffectiveness, such as insufficient time to confer and prepare before trial, failure to call important witnesses, etc. Of course, these matters are all ex-record. He contends the very fact there was no transcript bears upon the quality of representation.

Even while extending the right of counsel to indigents for petty offenses, the United States Supreme Court has obliquely acknowledged that the enormous volume of minor cases will continue to result in hurried and inadequate prosecution, defense and determination. See Argersinger v. Hamlin, 407 U. S. 25. We cannot presume to set standards of representation in these circumstances but must accept adequacy prima facie in the absence of a showing either that counsel's loyalty or integrity were in question or that the trial was a farce or mockery of justice. *Hart v. State,* 227 Ga. 171 (179 SE2d 346). The court did not err in denying Richard's motion for new trial.

*Judgment reversed in Case No. 47742. Judgment affirmed in Case No. 47741. Clark, J., concurs. Evans, J., concurs specially.*

SUBMITTED JANUARY 5, 1973 — DECIDED FEBRUARY 5, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellants.

*Hinson McAuliffe, Solicitor, James L. Webb, Bernard J. Rapkin, Frank A. Bowers,* for appellee.

EVANS, Judge, concurring specially. I concur fully in the opinion, except that portion on page 77 which cites American Bar Association Standards Relating to Providing Defense Services, Sec. 7. I do not feel that these standards are binding on the courts of Georgia.