## 64193. TURNER v. THE STATE.

BANKE, Judge.

The appellant was convicted on the misdemeanor charge of telephone harassment and sentenced to 12 months imprisonment. On appeal, he contends that his right to counsel was not knowingly and intelligently waived.

The appellant acted as his own attorney at trial. During a mass arraignment prior to trial, the court instructed the appellant and other defendants that they had the right to remain silent; the right to an attorney, including, for the indigent, one appointed by the court; the right to trial by jury; the right to confront and examine witnesses; the right to testify and to have witnesses subpoenaed; the right to plead guilty; and the right to appeal if dissatisfied with the sentence. (No mention was made of the right to appeal a conviction.) The trial court also informed those present that the court had not taken part in any plea bargaining arrangements. *Held:*

1. "It is the responsibility of the trial judge, when the accused is without counsel, to clearly determine whether there has been a proper waiver. Johnson v. Zerbst, 304 U. S. 458 . . . '[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand . . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.' Von Moltke v. Gillies, 332 U. S. 708, 723 (68 SC 316, 92 LE 309); Phillips v. Smith, 300 F Supp 130." *Campbell v. State,* 128 Ga. App. 74, 76 (195 SE2d 664) (1973); also see *Rogers v. State,* 156 Ga. App. 466 (1) (274 SE2d 815) (1980).

We are not insensitive to the heavy misdemeanor case load which exists in the trial courts and which no doubt encouraged the procedure giving rise to the error alleged. However, the procedure utilized falls far short of the standard quoted above. Indeed, it is difficult to imagine a mass arraignment procedure which could satisfy the trial court's burden. None of those present at the arraignment were informed of the basis for indigent representation. We can only hope that the meaning of the word indigent was understood by those present since there was no attempt to define it. Here we find there was no examination by the court of the

circumstances of this defendant's waiver of counsel. The court's burden, set forth above, is to investigate these circumstances personally with particular regard and attention to the nature of the crimes charged and the possible penalties. Because that burden was not met in this case, the defendant's conviction must be reversed.

2. The defendant also contends that the trial court erred "in calling . . . [him] . . . to the witness stand and, in the presence of the jury, telling him to testify." The transcript shows that immediately after the state rested, the following occurred: "COURT: All right, let the defendant come to the stand. (Defendant to witness stand.) You are charged with the offense of telephone harassment. At this time you have a right to testify to the court and jury anything you see fit and proper in your own defense, just turn around and speak out loud enough in the mike and face the jury and you may testify anything you see fit in your own defense.

"DEFENDANT: Do we have proof that it was me?

"COURT: What's your statement?

"DEFENDANT: I said do they have proof that it was me?

"COURT: Speak in through the mike and loud enough.

"DEFENDANT: Do they have proof that it was me because I done work for the police department as school crossing, and because I was the only black doing that?

"COURT: Just take the time, if you have anything else you want the jury to know just tell them, this is the time for you to state in your defense. Any further testimony by you to the jury?

"DEFENDANT: No, Sir.

"COURT: Step down and go have a seat at the counsel table. The evidence is closed. Is there any rebuttal by the state?"

Whether this 18-year-old defendant understood fully his rights as a witness is doubtful based on the quoted colloquy. He was not told of his right not to testify, nor was he informed that his testimony would be subject to cross examination by the solicitor. Code Ann. § 38-415 provides that "[I]f the prisoner wishes to testify, and announces in open court his intention to do so, he may testify in his own behalf. If so, he shall be sworn as any other witness and may be examined and cross examined. . ." This defendant did not announce any desire to testify and in fact presented no testimonial evidence from the stand. The question he asked the court several times was argument rather than evidence.

It is, of course, generally held that the defendant may not be called to the stand by the state to force him to exercise his constitutional privilege not to testify. See San Fratello v. United States, 340 F2d 560 (5th Cir., 1965). To do so would only emphasize his refusal, creating an inference against him which the privilege is

designed to protect. See 8 Wigmore on Evidence, § 2268 (1961). Here, the defendant was ordered to take the stand in the presence of the jury, and he had no practical choice but to comply. However, since he neither testified nor invoked his Fifth Amendment privilege to remain silent, his constitutional rights were not violated. Nevertheless, the procedure followed by the trial court presents a significant opportunity for harmful error. Certainly the better procedure is to advise the defendant, in open court but out of the presence of the jurors, of the provisions set out in Code § 38-415 and then to determine his election in the matter.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 2, 1982.

*James H. Whitmer,* for appellant.
*Howard Oliver, Solicitor,* for appellee.