## A91A1345. WASHINGTON v. CITY OF ATLANTA.

(412 SE2d 624)

CARLEY, Presiding Judge.

Without the benefit of counsel, appellant appeared in municipal court and entered guilty pleas to charges that she had violated municipal ordinances. Thereafter, she petitioned the superior court for a writ of certiorari, asserting that her guilty pleas had not been entered after a knowing and intelligent waiver of counsel. When the superior court denied appellant's petition for the writ of certiorari, she applied to this court for a discretionary appeal and the instant appeal results from the grant of her application.

"Courts are to '. . . satisfy themselves that pleas of guilty are voluntarily and intelligently made by competent defendants with adequate advice of counsel. . . .' [Cits.]" *Ward v. State*, 248 Ga. 60, 64 (3) (281 SE2d 503) (1981). " 'Waiver of counsel and the voluntary, intelligent entry of guilty pleas, cannot be presumed from a silent record, but must be affirmatively shown by the record, or by an allegation and evidence. [Cits.]' [Cits.]" *Warner v. Jones*, 241 Ga. 467, 468 (246 SE2d 320) (1978). "It is the responsibility of the trial judge, when the accused is without counsel, to clearly determine whether there has been a proper waiver. [Cit.]" *Campbell v. State*, 128 Ga. App. 74, 76 (1) (195 SE2d 664) (1973). In the instant case, the contention is that the municipal court met its responsibility in this regard when, in the context of a mass arraignment, it informed appellant and the other defendants of their rights, including the right to counsel. In *Turner v. State*, 162 Ga. App. 806 (1) (293 SE2d 67) (1982), however, we held that "it is difficult to imagine a mass arraignment procedure which could satisfy the trial court's burden." Here, as in *Turner*, supra at 806-807 (1), "we find there was no examination by the court of the circumstances of *this defendant's* waiver of counsel. The court's burden . . . is to investigate these circumstances *personally* with *particular* regard and attention to the nature of the crimes charged and the possible penalties. . . . [T]hat burden was not met in this case. . . ." (Emphasis supplied.) "Because the record in the present case reveals without dispute that the appellant was not represented by counsel and that no inquiry whatever was made into [her] understanding of the consequences of the plea[s], we must conclude that an affirmative

waiver of rights was not established, with the result that the [municipal] court erred in accepting the plea[s]. [Cits.]" *Lewis v. State,* 191 Ga. App. 509, 510 (2) (382 SE2d 207) (1989). It follows, therefore, that the superior court erred in denying appellant's petition for a writ of certiorari.

*Judgment reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 19, 1991.

*Harry S. Gardner,* for appellant.
*Raines F. Carter,* for appellee.