A93A2292. WAIRE v. THE STATE.
(438 SE2d 142)

BLACKBURN, Judge.

This appeal is from the trial court's denial of Waire's motion to withdraw her guilty plea.

Waire was arrested on a charge of fraudulent attempt to obtain a refund in violation of OCGA § 16-9-56. Four days after her arrest and incarceration, Waire entered a plea of not guilty. The trial court appointed the public defender to represent Waire. Waire's counsel testified that he attempted to arrange a plea, but that Waire was unresponsive and that she kept saying her husband would take care of it while she looked around the courtroom. Seven days thereafter, during a mass arraignment, Waire changed her plea from not guilty to guilty, without further consultation with her counsel.

During the mass arraignment, the trial court informed an unspecified number of defendants that they had the right to not incriminate themselves, that by a plea of guilty they relinquish that right, that

they had a right to a jury trial, the right to confront their accuser, the right to present witnesses and offer evidence on their own behalf, that the State had the burden to prove their guilt beyond a reasonable doubt, that they were presumed innocent until proven guilty, and the maximum punishment they faced. The trial court further stated "[a]ny of you who have not talked to an attorney, if you want to talk to an attorney I'll make sure you get that opportunity." Thereafter, the trial court asked Waire directly if she had responded to the questions asked regarding her rights. She responded that she had and that there was nothing she wanted to tell the court. The trial court then sentenced Waire on her guilty plea.

"Wavier of counsel and the voluntary, intelligent entry of guilty pleas, cannot be presumed from a silent record. . . . It is the responsibility of the trial judge, when the accused is without counsel, to clearly determine whether there has been a proper waiver." (Citations and punctuation omitted.) *Washington v. City of Atlanta*, 201 Ga. App. 876 (412 SE2d 624) (1991). The State contends that the trial court met its burden when, in the context of the mass arraignment, it informed Waire and the other defendants of their rights. "In *Turner v. State*, 162 Ga. App. 806 (1) (293 SE2d 67) (1982), however, we held that 'it is difficult to imagine a mass arraignment procedure which could satisfy the trial court's burden.' Here, as in *Turner*, supra at 806-807 (1), 'we find there was no examination by the court of the circumstances of *this defendant's* waiver of counsel. The court's burden . . . is to investigate these circumstances *personally* with *particular* regard and attention to the nature of the crimes charged and the possible penalties. . . .' " *Washington*, supra at 876. The trial judge who appointed a public defender to Waire heard her guilty plea outside the presence of the public defender, without any inquiry regarding her relinquishment of her right to counsel. Therefore, the trial court's acceptance of Waire's guilty plea is reversed. Id.

An appellate court reviewing a guilty plea must "determine whether (1) the defendant freely and voluntarily entered his guilty plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea." *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990) citing *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982). The State has the burden of establishing that the guilty plea was intelligently and voluntarily entered. *Scurry*, supra at 166.

The evidence presented during Waire's hearing on her motion to withdraw her guilty plea, established that Waire was taking several medications for psychological problems. During Waire's testimony, it took her several minutes of questioning before she could remember the name of the state in which the hearing was being held. It is clear that neither Waire's waiver of counsel nor entry of a guilty plea was

voluntarily and intelligently entered.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1993.

*James N. Finkelstein*, for appellant.
*Larry B. Mims, Solicitor*, for appellee.