A94A0583. JONES v. THE STATE.
(442 SE2d 908)

BIRDSONG, Presiding Judge.

Jessie Jones was convicted of shoplifting for stealing three packages of meat valued at $18 from a grocery store. After a bench trial, he was sentenced to serve 12 months confinement. Jones contends the trial court erred by conducting a non-jury trial without determining whether Jones made a knowing and intelligent waiver of his right to trial by jury, his right to representation by an attorney, and his right to remain silent and not incriminate himself.

The record shows that Jones appeared at a mass arraignment and was provided a copy of a two-page document entitled "In-Court Rules and Procedure" ("Rules and Procedures") signed by the trial judge. This Rules and Procedures provided information on a range of subjects from courtroom decorum to information about punishment, pleas, and nolo contendere pleas for DUI. The trial judge discussed the Rules and Procedures as part of the mass arraignment.

In pertinent part, the Rules and Procedures provide:

"*REPRESENTATION BY COUNSEL:* You have a right to be represented by a lawyer on any charge against you, at the time you first appear in court and at any trial or other proceedings. You do not, however, have to be represented by a lawyer but can represent yourself before the court. If you want a lawyer and request the judge to appoint one for you, you will be asked questions by the judge, UNDER OATH AND PENALTY OF PERJURY FOR FALSE ANSWERS, concerning your ability to hire a lawyer. The judge will decide whether to grant or deny your request for an appointed lawyer. . . .

"*TRIALS:* IF YOU PLEAD NOT GUILTY to a charge, you have a right to a trial on such charge, either by the judge or by a jury, at which trial you have a right to face your accusers and to cross-examine them. You have an absolute right to trial by jury. If you want a trial by a jury, you must tell the judge this at the time you enter your plea, or your case will be tried by the judge without a jury. . . .

"*QUESTIONS:* You have a right to ask the judge questions about these Rules and Procedures before you enter a plea. If you have any questions, you must ask them at the time your case is presented

to the judge.

"*CERTIFICATION:* At the time of entering your plea or pleas, you will sign a certification that you can read and that you have read the foregoing rules and understand them; that if you cannot read you have made this fact known to the court and have had the foregoing rules read to you and that you understand them; that you have had a chance to ask any questions concerning same, and that you are entering your plea or pleas voluntarily and with full knowledge and understanding of your rights in connection therewith and of the possible consequences of your plea or pleas.

"THESE RULES AND PROCEDURES ARE DESIGNED TO PROVIDE FOR THE ORDERLY AND EFFICIENT DISPOSITION OF CASES IN COURT AND NOT TO ADVISE YOU ABOUT YOUR CASE OR THE LAW. NEITHER THE COURT NOR ITS OFFICERS CAN GIVE YOU SUCH ADVICE NOR ADVISE YOU HOW TO PLEAD. IF YOU NEED SUCH ADVICE, YOU MUST OBTAIN IT FROM A LAWYER."

The transcript of the mass arraignment shows the following remarks by the trial court regarding advice about non-jury trials and proceeding without an attorney: "You also were given a sheet entitled In-Court Rules and Procedures. The purpose of this sheet is to advise you of several things: number one, the court decorum as far as dress code is concerned. . . . The most important thing on the sheet is the information concerning the rights with respect to whatever you're charged with. . . .

"You are also advised of your right to various, two kinds of trials if you plead not guilty: Jury trial or non-jury trial and your right to subpoena witnesses in connection with the charge and particularly your right to be represented by an attorney. Generally, this is an attorney of your choice. However, if you are indigent, and the court finds that you're indigent, then the court is authorized to appoint an attorney to represent you.

"Please read that sheet very carefully and at the time that your case is called you'll be given an opportunity to ask any questions that you may have concerning any of the information on the sheet or that you may have concerning the charge or charges against you prior to entering your plea. Now, the purpose in all of this is so that you will enter a knowledgeable plea, that you'll know what you're doing and that you will do it voluntarily and with as much information about it as possible to give you. Don't take that lightly. Some folks hear me say this and they still don't read it. Please be sure you do that because it's very important to you."

The transcript of Jones' arraignment shows that when asked if he had any questions, Jones sought information about the property he was alleged to have taken. When the case was called for trial, Jones

was not asked about proceeding without a jury or without an attorney to represent him, and he was provided no further information about waiving his right to a jury trial or proceeding pro se. Subsequently, after the prosecution rested, the trial court said: "All right, tell me what you want me to hear, Mr. Jones." Jones, who was sworn earlier, then gave his version of the events. When the solicitor stated he had no questions for Jones, the trial judge examined Jones at length about his contentions. Thereafter, Jones was convicted of shoplifting. After the trial court's finding was announced, the solicitor presented the trial court with a history on the defendant that included several crimes that Jones apparently was charged with, including a charge of auto theft that Jones disputed. The record does not reflect that Jones was given an opportunity to review this history prior to the presentation to the trial court. *Held*:

1. "When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver.

"The state contends that there was a knowing and voluntary waiver under the facts of this case. We cannot agree. . . .

"Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. Merely finding that a request for counsel was not made is insufficient to establish waiver. Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. The procedures here were insufficient.

"The state's position is that because Jones knew he had a right to counsel and did not request counsel, he waived his constitutional rights and has no cause to complain. However, since Jones pled not guilty and went to trial, the state must also prove that the decision to proceed pro se was made knowingly and intelligently. *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) . . . was decided prior to the trial in this case and the procedures required by *Clarke*, that the judge make a finding on the record that the accused has made an informed and knowledgeable choice to proceed pro se, were not followed. Although *Clarke* involved a felony charge, the right to counsel (and therefore the corresponding right to self-representation) exists for all charges for which loss of liberty may be imposed. We find no reason why the requirements set forth in *Clarke* should not apply in misdemeanor cases where the accused faces imprisonment." (Citation omitted.) *Jones v. Wharton*, 253 Ga. 82, 83-84 (316 SE2d 749). Moreover, the record must show that the accused was aware of his right to counsel and that he was aware of the dangers of proceeding without counsel. *Clarke*, supra at 197.

It is difficult to imagine a mass arraignment procedure which could satisfy the trial court's burden of establishing that a proper waiver of counsel has occurred. *Washington v. City of Atlanta*, 201 Ga. App. 876 (412 SE2d 624); *Turner v. State*, 162 Ga. App. 806 (293 SE2d 67). In this appeal, Jones was not so much as asked whether he wished to proceed without counsel. No examination was conducted by the court of this individual defendant's waiver of counsel and no consideration was given to his personal circumstances or with particular regard and attention to the charge against him or the possible penalties. *Waire v. State*, 211 Ga. App. 69, 70 (438 SE2d 142); *Washington*, supra; *Turner*, supra.

2. Additionally, the record in this case is insufficient to show that Jones properly waived his right to a jury trial. " 'A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.' " *White v. State*, 197 Ga. App. 162 (398 SE2d 35). In this case, however, the record does not show that Jones personally, knowingly, voluntarily, and intelligently waived his right to a jury trial. *Capelli v. State*, 203 Ga. App. 79, 80 (416 SE2d 136). Although the record shows Jones did not demand a jury trial, there is no showing that Jones knew what he was surrendering by not making such a demand and there is no evidence that Jones made a conscious choice to waive his right to a jury trial. Compare *Stephens v. State*, 176 Ga. App. 187, 188 (335 SE2d 473).

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 30, 1994.

*Gilbert J. Murrah*, for appellant.
*Smith & Perry, Ralph C. Smith, Jr.*, for appellee.