A96A0818. WOODS v. THE STATE.
(476 SE2d 865)

MCMURRAY, Presiding Judge.

Defendant was charged in an accusation with theft by taking. He later appeared at arraignment without an attorney and executed a form entitled, *"ARRAIGNMENT,"* which provides as follows: "Comes now defendant in the within matter and acknowledges receipt of copy of accusation and list of witnesses, waives benefit of counsel, formal arraignment, trial by jury and pleads *NOT* guilty." After consulting with the State's attorney, defendant also executed a document entitled, *"STATEMENT OF INTENTION TO HIRE OWN ATTORNEY-WAIVER OF RIGHT TO APPOINTED COUNSEL."* This document appears to be a standard form and provides as follows:

"I am the above named defendant. I hereby declare my intention to hire my own attorney to represent me in the above-styled case. The judge has told me that if I cannot afford to hire my own attorney, he will consider appointing one to represent me at the County's expense.

"I DO NOT WANT THE JUDGE TO APPOINT A LAWYER TO REPRESENT ME AT THE COUNTY'S EXPENSE.

"I understand that if I appear for trial without an attorney, no

continuance will be granted solely for the purpose of obtaining counsel. I also understand that I may still request appointed counsel by calling the judge's secretary and scheduling an appointment no later than one week prior to the trial date."

The State's attorney then presented and explained a document to defendant entitled, "WAIVER OF RIGHT TO TRIAL BY JURY." Defendant executed this form, but later changed his mind and filed — pro se — a request for jury trial. When the trial court called defendant's case for a jury trial three weeks later, defendant appeared without an attorney and informed the trial court that he had consulted an attorney and expected this attorney to represent him at trial. Defendant explained, however, that he "and the counsel never had come to any type of financial agreement." Because defendant "did not make a timely request for [a] court appointed attorney," the trial court entered an order — which also appears to be a form incorporating standard findings of fact and conclusions of law — finding that defendant "waived his right to be represented by counsel." The trial court then immediately called upon defendant to defend himself at trial without assistance of counsel, and the jury found defendant guilty of the crime charged. The trial court sentenced defendant to a term which included five consecutive weekends in confinement at the county jail. About a week after entry of this sentence, defendant was found to be indigent, and a court-appointed attorney was assigned to represent him.

Defendant's newly appointed attorney filed a motion for new trial, asserting that "defendant was forced to proceed unrepresented without making a knowing and voluntary waiver of his right to counsel." At a hearing on this motion, defendant testified as follows: "[DEFENSE COUNSEL:] Now you represented yourself at trial; is that correct? A. Yes, sir. Q. And why did you not have an attorney represent you at trial? A. Originally I had went out and sought representation, and me and the counsel never had come to any type of financial agreement. . . . Q. Okay. And what happened with [this attorney]? A. And he had just said he was going to be here for the trial. And at the day of the trial he no-showed and the judge had given me time to go call him and he was unavailable. So I represented myself from that point on. Q. Now had you retained [the attorney who said he was going to appear on your behalf at trial]? A. Yes. Q. Had you paid him money? A. No. No, we had not come to an agreement. He said he had to look further into the case and see exactly what he was getting into before he would put any type of financial demands upon it. Q. Okay. Now when you discovered that [this attorney] wasn't going to represent you at trial how did you come to decide to represent yourself? A. It was just a hasty decision that I had made. I felt like without having proper representation, then my other factor

would be for me to represent myself or at least try. Q. Did you ask the Court for an attorney to represent you? A. No. No, I did not. Q. You never did? A. No, because my attorney was suppose to have been present. Q. Did you understand that because you are indigent that the Court might have appointed an attorney for you? A. No. No, sir. Q. And you're stating under oath that that was never explained to you, that you had the right to an attorney? A. Yes, that was explained to me, that I had the right to attorney, but I had counsel upon my knowledge. The attorney was supposed to be here on the day of the trial. That's why I turned down representation. Q. All right. Now do you remember the Court explaining to you the importance of having an attorney to represent you at trial? A. No. No, I do not, not the importance of me having an attorney to represent me, no. Q. Okay. And do you have any legal training? A. No, sir. Q. Did you understand what the possible punishment was for theft by taking? A. Yes. Q. And what was that? A. Vaguely, it was 12 months incarceration, community service, and a fine and restitution."

After cross-examining defendant, the State's attorney offered the following: "I will then state in my place that with respect to the 'Statement of Intention to Hire an Attorney, slash, Waiver of Right to Appointed Counsel' and with respect to 'Waiver of Right to a Trial by Jury,' those documents contain my signature, excuse me, my handwriting, and I will state again in my place that [at arraignment], I personally spoke with the defendant and reviewed those documents with him myself, explained those rights to him in laymen's terms, and then I presented those documents to [the trial court], and I recall [the trial court] reading those documents and then signing off on them indicating that [the trial court] had read the defendant the documents personally."[1]

The trial court denied defendant's motion for new trial and appended its earlier determination that defendant had waived his right to an attorney, adding that defendant "had made a knowing and intelligent waiver of his right to counsel. . . ." This appeal followed. *Held*:

Although the trial court is vested with discretion in determining whether a defendant waives counsel by failing to diligently retain an attorney, *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448), the trial court must first ascertain whether the absence of counsel is attribut-

---

[1] A prosecuting attorney should avoid counseling and consulting with the accused as "all attorneys have 'an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial.' Cuyler v. Sullivan, 446 U. S. 335, 346 (100 SC 1708, 64 LE2d 333) (1980); Ga. Code Title 9 Appendix, Rules and Regulations for Organization and Government of State Bar of Georgia, Canon 5." *Hudson v. State*, 250 Ga. 479, 481 (299 SE2d 531).

able to reasons beyond the defendant's control. *Burnett v. State*, 182 Ga. App. 539 (1), 540 (356 SE2d 231). In the case sub judice, defendant informed the trial court that he talked with an attorney before trial and that, even though he and "the counsel never had come to any type of financial agreement," he fully expected the attorney to represent him at trial. But when defendant could not muster the attorney on the day of trial, the trial court ended further inquiry and entered an order — with standard findings of fact and conclusions of law — finding that defendant's appearance without counsel, along with his failure to request a court-appointed attorney, amounted to waiver of "his right to be represented by counsel." The problem with this conclusion, however, is that the trial court failed to explore whether defendant's appearance without counsel was attributable to reasons beyond defendant's control. Indeed, the scant record in the case sub judice does not even show whether defendant was indigent at the time of trial.[2] It indicates only that defendant may have consulted an attorney before arraignment and that defendant entered his not guilty plea on a form which includes language purporting to reflect defendant's waiver of his right to counsel at arraignment. Consequently, since waiver of counsel cannot be presumed from a silent record, *Waire v. State*, 211 Ga. App. 69, 70 (438 SE2d 142), we must remand the case sub judice for the trial "court to make a finding as to [defendant's] indigence [at the time of trial] and, depending upon that finding, to exercise discretion as to diligence and the appointment of counsel." *Livingston v. State*, 221 Ga. App. 563, 568 (2), 570 (472 SE2d 317). If the trial court in its exercise of discretion determines that defendant was indigent at the time of trial, then the trial court must order a new trial; if not, a new trial is not necessary. See *Flanagan v. State*, 218 Ga. App. 598 (462 SE2d 469).

*Judgment affirmed on condition, otherwise reversed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 9, 1996.

*Austin A. Hammond*, for appellant.

---

[2] It seems appropriate to avoid such omissions by recording compliance with Uniform Superior Court Rule 30.2, which provides as follows: "Before arraignment the court shall inquire whether the accused is represented by counsel and, if not, inquire into the defendant's desires and financial circumstances. If the defendant desires an attorney and is indigent, the court shall authorize the immediate appointment of counsel."

*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.

