A97A0514. KING v. THE STATE.
(486 SE2d 904)

McMURRAY, Presiding Judge.

Defendant Thelma Deloise King was charged in Accusation No. 96CR08533 with operating a motor vehicle "while her driver's license as issued by the [Georgia] Department of Public Safety . . . was in

suspension," and further charged in Accusation No. 96CR08534 with giving "a false name and false date of birth to a law enforcement officer in the lawful discharge of his duties with the intent of misleading him as to her identity." At her arraignment and without the benefit of counsel, defendant entered written non-negotiated guilty pleas. There is no transcript of that guilty plea hearing, although there is a detailed form containing defendant's separate plea statement as to each charge and the trial court's acceptance of the pleas, which we quote at length:[1]

"[X] I hereby enter my plea of [GUILTY] . . . to this offense[, i.e., LICENSE — DRIVING SUSP/REV and GIVING A FALSE NAME]. I understand that I may plead not guilty to any charges against me. If I plead not guilty, the law gives me (1) the right to a speedy and public jury trial; (2) the right to see, hear and cross-examine all witnesses called against me; (3) the right to use the power of the court to subpoena witnesses and evidence to be used to defend me; (4) the right to have a lawyer to assist me at all stages of the proceedings; (5) that I do not have to testify or produce evidence against myself; (6) that I have the right to have the State prove my guilt beyond a reasonable doubt, and until that is done, I am presumed innocent. I understand that if I cannot afford to hire an attorney, that the Court may appoint an attorney to represent me without cost to me.

"I understand that the law provides that a sentence could be imposed that could include 12 month's imprisonment and a fine of up to $5,000.00.[2] I also understand that by entering a plea of guilty or nolo contendere, the Court may sentence me as if I had stood trial and been [found guilty] by a jury. I understand that the Court may make my sentences run consecutively, that is, one after the other.

"[X] I understand that a lawyer may be able to discover a defense to the charge(s) pending against me, or could offer evidence which may aid insofar as sentencing is concerned. Nevertheless, I have read the accusation against me, understand the nature of the charges against me and the consequences of my plea, and I freely and voluntarily waive my right to counsel.

"My date of birth is 9-30-59 and I have 12 years of education.

"No one has made any promise of any kind to me, or within my knowledge, to anyone else that I will receive a lesser sentence or probation, or any form of leniency if I enter this plea. I am not under the influence of drugs or intoxicants of any kind. I understand that the Judge is not bound by any recommendation or negotiations. The

---

[1] Certain matters in the form order regarding the assistance of counsel and defendant's satisfaction with that assistance are not applicable to the case sub judice.

[2] The better practice would be to specify, where applicable, that a misdemeanor sentence could be 12 months imprisonment and $5,000 fine *for each offense.*

Judge may impose a lesser sentence, a greater sentence, or may accept the recommendation.

"I am entering this plea freely and voluntarily, of my own accord, and with full understanding of all the matters set out in the accusation and in this plea statement, and this plea is done with the advice of and consent of counsel, if any.

"I have read and understand the above plea statement. I am signing this plea statement in the presence of the Court."

This document was signed on July 9, 1996, by "Thelma King, Defendant" and indicates that it represents a "[X] Non-negotiated Plea." At the foot of the document is a portion captioned "ACCEPTANCE OF PLEA," which recites: "The above statement having been made by the Defendant in the presence of the Court, the foregoing rights afforded the Defendant having been personally read to the Defendant by the Court, the Court being satisfied that the defendant understands all rights applicable to him/her, all the consequences of his plea, that the plea is entered knowingly, freely and voluntarily, and there having been a *sufficient factual basis shown* for the acceptance of this plea, IT IS HEREBY ORDERED that defendant's plea be accepted." (Emphasis by hand in original.) This is signed by the Judge of the State Court of Clayton County, Georgia, on July 9, 1996.

At the bottom of defendant's plea statement for Accusation No. 96CR08533 (driving while license suspended), under the portion captioned ACCEPTANCE OF PLEA appears the handwritten notation "Suspended for no ins. & VGCSA. . . ." At the bottom of Accusation No. 96CR08534 (giving a false name) appears the handwritten notation "Used false name on tickets in '92 — had purse lost in 91 of victim. . . ."

For giving a false name and date of birth to a law enforcement officer, defendant was not fined but sentenced to 12 months confinement. For driving while her license was in suspension, defendant was fined $500 plus $50 court costs, and ordered to serve six months consecutive to Accusation No. 96CR08534, provided that the additional six months confinement would be probated upon payment of the fine and costs.

The next day, with the assistance of counsel, defendant moved to withdraw her guilty pleas, contending that they were not free and voluntary. At a hearing, defendant testified that she did not personally make the check marks on the forms for entering her guilty pleas, whereupon the State's Attorney stipulated "I did that. It's my handwriting." It was further stipulated that the State's Attorney "did not make a plea recommendation to her [defendant], nor did she [defendant] ask for one." Defendant could not remember everything that occurred at her arraignment, and she denied the State's attorney "explain[ed] this document, this form [plea statement], to [her]."

Defendant also claimed she "didn't understand it[,]" when the State's Attorney informed defendant that she [defendant] was signing a statement of her rights that the Judge would go over with her in a minute. Defendant thinks she has a problem with her hearing.

On cross-examination, defendant testified that she either did not hear or did not understand when the trial court made its own inquiry of defendant's understanding of the rights she was waiving by pleading guilty. Defendant did affirm, however, that "the only time [she] asked for an attorney was after sentence had been pronounced, [i.e.,] after the Judge told [defendant] that [she was] going to jail." For the record, the trial court stated: "The Court did not just sign that document, just blindly sign the document. The Court, in fact, did go through each and every portion of this plea statement with [defendant]."

The trial court further recited: "A factual basis was provided to the Court, as indicated on the plea statement. For the suspended license, the factual basis apparently was that her license had been suspended for . . . no insurance and a V.G.C.S.A. conviction prior to the date that she received these tickets. . . . Also on the giving a false name, the factual basis was that when she received tickets on December 29th of 1992, she used the name of another person whose identification she had in her possession, that she went all the way through the court process in 1992 using that person's name — the name was Jacqueline Rogers — that that person eventually found out that her license had been suspended because [defendant] had used her name on the charges that she pled guilty to in 1992 using Ms. Rogers name, and that that is how these new charges were drawn, because it came to the Solicitor's attention that [defendant] was not Ms. Rogers in 1992 when she used that name, that Ms. Rogers' pocketbook had been lost in 1991; and somehow apparently [defendant] came into possession of her identification and was using it in '92 at the time that she used the false name, not only to the officer on the tickets, but all the way through the court process. So that factual basis was provided by the Solicitor in the hearing of [defendant]."

Defendant's motion to withdraw her guilty pleas was denied and this appeal followed. In four related enumerations, defendant contends her guilty pleas are invalid. *Held*:

1. Due process of law requires "that there be a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea." *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26). "After a prisoner raises the question of the validity of his plea of guilty, the burden is on the

[S]tate to show that the plea was intelligently and voluntarily entered. The [S]tate may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764). Uniform State Court Rule 33.11 specifies: "A record of the proceedings at which a defendant enters a plea of guilty or *nolo contendere* shall be made and preserved. The record should include: (A) the inquiry into the voluntariness of the plea (as required by section 33.7); (B) the advice to the defendant (as required in section 33.8); (C) the inquiry into the accuracy of the plea (as required by section 33.9); and, if applicable; (D) the notice to the defendant that the trial court intends to reject the plea agreement and the defendant's right to withdraw the guilty plea before sentence is pronounced." Although no enumeration of error is predicated upon the circumstance that the assistant solicitor and not the defendant herself made the check marks on the plea statements, the better practice would be for the accused herself to check or initial each statement, indicating an intent to adopt the pre-printed form statement by statement.

2. Defendant contends her guilty pleas were not free and voluntary. She argues there is no evidence the essential elements of the misdemeanor offenses charged were ever explained to her, relying on *Breland v. Smith*, 247 Ga. 690 (279 SE2d 204) and *Henderson v. Morgan*, 426 U. S. 637 (96 SC 2253, 49 LE2d 108). In each of these cases, the record failed to indicate that the accused was informed of the material element of criminal intent.

"In Henderson v. Morgan, 426 U. S. 637[, supra], the defendant was indicted for first-degree murder and pleaded guilty to second-degree murder. On habeas corpus his New York guilty plea was vacated as being involuntary because he had not been advised that intent to cause death was an essential element of second-degree murder. The Supreme Court [of the United States] affirmed, holding that where the record fails to show that the essential element of intent in the lesser-included offense was explained to the defendant, the guilty plea was involuntary and lacked the due process requirement of notice." *Breland v. Smith*, 247 Ga. 690, 691 (2), supra. In *Breland*, that defendant's guilty plea to theft by receiving was based on an indictment charging him with burglary. The Supreme Court of Georgia reversed the denial of habeas corpus because "the record fail[ed] to show that the elements of the crime to which the defendant pleaded guilty were explained to him. *Breland v. Smith*, 247 Ga. 690, 692, supra.

(a) These authorities are not directly applicable to defendant's situation, in that she did not enter a guilty plea to any lesser included offense to an indicted felony. But we agree that an accused must be apprised of the elements of each misdemeanor offense and the facts supporting the charge.

In our view, driving with a suspended license after proper notification from the Department of Public Safety, in violation of OCGA § 40-5-121 (a), is proscribed by that class of certain "strict criminal liability" motor vehicle safety statutes, which can be violated and enforced without a showing of mens rea or guilty intent on the part of the violator. "With strict criminal liability statutes, 'although it must be shown that the defendant committed the acts or omissions for which he is being held responsible, the requirement of proving mental fault or mens rea is dispensed with.' *Davis v. Peachtree City*, 251 Ga. 219, 220, n. 1 (304 SE2d 701)." *Queen v. State*, 189 Ga. App. 161, 163 (1) (c) (375 SE2d 287). Accord *Hoffer v. State*, 192 Ga. App. 378, 379 (1), 380 (384 SE2d 902). As there is no element of *criminal intent* in a violation of OCGA § 40-5-121 (a) for the trial court to explain to defendant in order to make her guilty plea to that offense free and voluntary, defendant's reliance upon *Breland v. Smith*, 247 Ga. 690, 691, supra, in this regard is misplaced.

As to the material element of *notice* that her driver's license was suspended, the post-plea hearing transcript indicates that the trial court was provided with "a certified copy of the defendant's driving history, which shows for [sic] suspensions that she has, which some are by operation of law, some require notice."[3] Specifically, defendant's driver's license was suspended on April 7, 1986, after she deposited her "LICENSE AS BAIL," to a speeding citation; suspended again on January 30, 1989, for "NO PROOF OF INSURANCE"; suspended again on July 18, 1989, for "NO INSURANCE"; suspended again on March 8, 1990, for "FAILURE TO APPEAR"; and most recently, suspended on September 8, 1992, for "CONTROLLED SUBSTANCE — FIRST [VIOLATION]." She was eligible for reinstatement of her license no sooner than March 30, 1994.

In our view, the proffer in open court of defendant's record of previous convictions coupled with her sworn statement that she had read the accusation and understood the nature of the charges against her, was sufficient to establish her knowledge that her Georgia

---

[3] That certified copy of defendant's driving history was not made an exhibit to the guilty plea statement or otherwise made a part of the record in the trial court. Despite the attendant delay in appellate consideration of this case, we have ordered that defendant's driving record be made a part of the record on appeal, by certified supplemental record. *Henceforth*, any such driving record or other exhibit proffered to the Court during a guilty plea hearing should be made a part of the record in the trial court.

driver's license had been suspended and that she was not authorized to operate a motor vehicle in Georgia at the time in question. "Any resident . . . whose driver's license . . . has been suspended or revoked as provided in this chapter shall not operate a motor vehicle in this state under a license or permit issued by any other jurisdiction or otherwise during such suspension or after such revocation *until the license is restored when and as permitted under this chapter.*" (Emphasis supplied.) OCGA § 40-5-65. "(I)t may be said that [defendant] did not intend to violate the law, and did not know that [s]he was doing so. The reply is that (OCGA § 1-3-6) declares that "Laws after promulgation are obligatory upon all inhabitants of this state, and ignorance of the law excuses no one." ' *Gurley v. State,* 65 Ga. 157, 158 (1880)." *Payne v. State,* 209 Ga. App. 780, 782 (1) (434 SE2d 543).

(b) The record of the guilty plea recites that defendant read the accusation against her. Accusation No. 96CR08534 alleges that defendant "did give false information, to wit: Jacqueline Rogers, dob 6/2/59, a false name and false date of birth, to a law enforcement officer in the lawful discharge of his duties *with the intent* of misleading him as to her identity." (Emphasis supplied.) The record of this guilty plea affirmatively shows that defendant was apprised of the material elements constituting misdemeanor obstructing or hindering a law enforcement officer in violation of OCGA § 16-10-24 (a). Consequently, this enumeration is without merit.

3. Defendant next contends the trial court failed to make an inquiry on the record as to any factual basis for defendant's plea, as required by Uniform Superior Court Rule 33.9, applicable in the State Court of Clayton County. We agree with defendant that, standing alone, the valid and probing pre-printed plea petition is not sufficient to elicit a sufficient factual basis for a guilty plea to any particular charge. See *Green v. State,* 265 Ga. 263, 264 (2) (454 SE2d 466). Similarly, a trial court's summary and conclusory statement that a factual basis exists, without specifying any of the facts underlying the charge, also is deficient. *Wharton v. Henry,* 266 Ga. 557, 558 (1) (469 SE2d 27). But scrutiny of the record of the guilty plea, as supplemented by the transcript of the hearing on defendant's motion to withdraw her guilty pleas, clearly indicates the trial court in the case sub judice was informed of the factual basis for these two charges. See *King v. Hawkins,* 266 Ga. 655, 656 (469 SE2d 30).

(a) Specifically, the acceptance of defendant's guilty plea to Accusation No. 96CR08533 (driving with a suspended license) contains the trial court's annotation: "Suspended for no ins. & VGCSA." Each of those circumstances would authorize the suspension of defendant's Georgia driver's license. See OCGA §§ 40-5-71 (c) (3) and 40-5-75 (a). Consequently, the guilty plea record itself adequately establishes a

factual basis for accepting defendant's guilty plea to driving with a suspended license.

(b) The acceptance of defendant's guilty plea to Accusation No. 96CR08534 (giving a false name) contains the trial court's annotation: "Used false name on tickets in '92 — had purse lost in 91 of victim." Any ambiguity in this reference was clarified by the extrinsic evidence adduced at the hearing on defendant's motion to withdraw her guilty pleas.

There, the trial court explained that when defendant "received tickets on December 29th of 1992, she used the name of another person whose identification she had in her possession, that she went all the way through the court process in 1992 using that person's name — the name was Jacqueline Rogers — that that person eventually found out that her license had been suspended because [defendant] had used her name on the charges she pled guilty to in 1992 using Ms. Rogers name, and that that is how these new charges were drawn, because it came to the Solicitor's attention that [defendant] was not Ms. Rogers in 1992 when she used that name, that Ms. Rogers' pocketbook had been lost in 1991; and somehow apparently [defendant] came into possession of her identification and was using it in '92 at the time that she used the false name, not only to the officer on the tickets, but all the way through the court process. So that factual basis was provided by the Solicitor in the hearing of [defendant]." In our view, this is an adequate factual basis for accepting defendant's guilty plea to giving a false name, constituting the misdemeanor offense of hindering or obstructing a law enforcement officer as charged in Accusation No. 96CR08534.

4. Next, defendant contends her waiver of the right to counsel was not free and voluntary, arguing that she was subjected to a "mass arraignment," and that "the record is devoid of evidence that [Defendant] was personally advised of her right to counsel." This is contradicted by the written plea statement.

There, defendant asserted in open court that she understood her rights as enumerated in the form plea statement, including "the right to have an attorney to assist [her] at all stages of the proceedings"; and the right to appointed counsel. Defendant also "under[stood] that a lawyer may be able to discover a defense to the charge(s) pending against [defendant], or could offer evidence which may aid insofar as sentencing is concerned. Nevertheless, [defendant had] read the accusation[s] against [her], under[stood] the nature of the charges against [her] and the consequences of [her] plea, and [she] freely and voluntarily waive[d] [her] right to counsel." The "foregoing rights [as itemized in Uniform Superior Court Rule 33.8] [were] personally read to the Defendant by the Court, [who was] satisfied that the Defendant under[stood] all rights applicable to him/her. . . ."

Defendant misreads this Court's decisions in *Washington v. City of Atlanta*, 201 Ga. App. 876 (412 SE2d 624) and *Jones v. State*, 212 Ga. App. 676 (442 SE2d 908). Those cases do not hold that a "mass arraignment" is impermissible. Rather, they hold that a "mass arraignment," even where the defendant is provided a copy of a two-page document entitled "In-Court Rules and Procedure," is insufficient by itself to fulfill the trial court's responsibility to make a *personal inquiry* and determine that a proposed guilty plea by one who is unrepresented by counsel is in fact knowingly and voluntarily made, upon an appreciation of the nature of the charges and the consequences of the guilty plea. *Jones v. State*, 212 Ga. App. 676, 678 (1), 679, supra. In the case sub judice, each guilty plea statement indicates that the trial court "personally read" defendant her rights, including the right to counsel. Each plea further recites that defendant "freely and voluntarily waive[d] [her] right to counsel"; that she had read the accusation and the plea statement; and that the trial court was "satisfied that the Defendant understands all [her] rights. . . ." We hold the record of these guilty pleas is adequate for an appellate court to affirm the trial court's determination, i.e., that defendant's waiver of the right to counsel was knowingly and intelligently made as part of a free and voluntary guilty plea.

5. Defendant's final objection is that the record of her guilty pleas is inadequate "inasmuch as a verbatim record of the proceedings was not made. . . ." This argument is wholly without merit. It is the rule in the *superior* courts that a verbatim transcript of guilty plea proceedings be preserved but this requirement is not applicable in the state courts. Compare Uniform Superior Court Rule 33.11 with Uniform State Court Rule 33.11. The record of the guilty pleas as memorialized in the valid and probing plea statements and the trial court's documented acceptance of those pleas complies fully with the requirements of Uniform State Court Rule 33.11 and also with the requirements of due process. *Romano v. State*, 220 Ga. App. 322, 323 (3), 324 (469 SE2d 726). Compare *Hamm v. State*, 123 Ga. App. 10 (179 SE2d 272), where "[n]o record was made of what, if anything, transpired between the court and [that] defendant or his counsel when the pleas were entered."

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 9, 1997 —
RECONSIDERATION DENIED MAY 29, 1997 — 
 Before
Judge Cowen.

*Dwight L. Thomas*, for appellant.

*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.